IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DINO G. PETROCELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 04-CV-943-KAJ |
| CHRYSLER CORPORATION, MOPAR ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |

### DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT (PURSUANT TO RULE 15.1)

COMES NOW DaimlerChrysler Corporation, by and through its undersigned attorneys, and provides the following response to Plaintiff's Motion to Amend Complaint (Pursuant to Rule 15.1). DaimlerChrysler states:

1. Plaintiff, who is proceeding *pro se*, filed his original Complaint with the Court on August 16, 2004. The original Complaint was a form document, which Plaintiff completed by filling in certain blanks and checking certain boxes.

2. In the present motion, Plaintiff seeks leave of this Court to amend his Complaint.

3. DaimlerChrysler recognizes that Fed. R. Civ. P. 15(a) sets forth a liberal amendment standard, providing that leave to amend a party's pleading "shall be freely given when justice so requires." Accordingly, DaimlerChrsyler does not generally oppose Plaintiff's right to amend his Complaint. But DaimlerChrysler respectfully suggests in this instance that leave should not be granted because Plaintiff's motion to amend, in its current form, is not in compliance with Local Rule 15.1, which governs the form of such motions. *See Ecke v. United States*, No. 88-688-LON, 1994 WL 782230, at

\*5-7 (D. Del. Mar. 1, 1994) (discussing application of Local Rule 15.1 against *pro se* litigants).

4.  Local Rule 15.1 sets forth the appropriate format for motions for leave to amend filed with this Court. Specifically, the Rule states:

> A party who moves to amend a pleading shall attach the pleading as amended, and one copy, to the motion. In addition, the motion shall include a form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing materials to be deleted and underlining materials to be added. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

5.  Thus, Local Rule 15.1 requires that a party seeking leave to amend its pleading do the following: (1) attach the amended pleading, along with a copy, to the motion; and (2) attach a version of the amended pleading to the motion that indicates which parts are additions and which parts are deletions.

6.  The present motion by Plaintiff to amend his Complaint does not comply with Local Rule 15.1. First, it does not include a copy of the amended pleading. Instead, Plaintiff provides a "list of facts [that] contributed to the hostile work environment" and "[a] list of damages and relief sought," both of which are woven into his motion. It is not at all clear whether his lists are intended to stand independently as his new, amended pleading, or whether he is attempting to simply add the lists to his original Complaint. The lists are not separately captioned, but are instead just within the body of the motion itself. Additionally, Plaintiff has not included a version of his proposed amended pleading that indicates which parts are additions and which parts are deletions.

2

7. DaimlerChrysler acknowledges Plaintiff's *pro se* status, but the Court should nonetheless require his substantial compliance with Local Rule 15.1 because, in its current form, Plaintiff's proposed amended pleading is confusing and is not properly presented to the Court.

8. Additionally, Plaintiff's proposed amended pleading does not effectively change the name of the defendant from "Chrysler Corporation, Mopar Division" to "DaimlerChrysler Corporation."[1] Instead, on the last page of his motion, Plaintiff asks the Court to "[p]lease make corrections or adjustments necessary to deter any more confusion as to who the Defendant is" and promises to "recognize the Defendant as DaimlerChrysler Corporation from this day forth." Plaintiff's request and promise do not operate to name DaimlerChrysler Corporation as the proper defendant in this case. DaimlerChrysler respectfully requests that the Court require Plaintiff to file an amended pleading that identifies the entity to whom he is directing his allegations.

9. DaimlerChrysler does not oppose Plaintiff's motion for the purpose of delay. Rather, DaimlerChrysler opposes Plaintiff's motion because it does not comply with Local Rule 15.1. More fundamentally, Plaintiff's proposed amended pleading is confusing and will likely present difficulties for the Court in moving forward and for DaimlerChrysler in providing a response.

---

[1] In its Answer to Plaintiff's Complaint, DaimlerChrysler informed the Court and Plaintiff that "Chrysler Corporation, Mopar Division" is a non-entity. DaimlerChrysler further stated that it was filing an Answer conditioned on Plaintiff substituting the proper party as defendant.

3

WHEREFORE, for all of these reasons, DaimlerChrysler respectfully requests that the Court deny Plaintiff's motion to amend his Complaint and instead require Plaintiff to file a motion and proposed amended pleading that comply with Local Rule 15.1. DaimlerChrysler further requests that the Court grant any other relief it deems just and proper.

POTTER ANDERSON & CORROON LLP

By /s/ Sarah E. DiLuzio
Jennifer Gimler Brady (Del. I.D. 2874)
Sarah E. DiLuzio (Del. I.D. 4085)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000

*Attorneys for DaimlerChrysler Corporation*

OF COUNSEL:

William C. Martucci, Mo. #28237*
Kristen Aggeler Page, Mo. #50852*
SHOOK, HARDY & BACON
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550 – Telephone
(816) 421-5547 – Facsimile

* Admitted *Pro Hac Vice*

Dated:  March 14, 2005

PA&C-673810v1

4

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 14th day of March, 2005, that two (2) true and correct copies of the foregoing **DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT (PURSUANT TO RULE 15.1)** were served in the manner indicated on the following:

### FIRST CLASS U.S. MAIL POSTAGE PREPAID

Dino G. Petrocelli
129 Emery Court
Newark, DE 19711

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
sdiluzio@potteranderson.com