IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DINO G. PETROCELLI, | ) |
|                Plaintiff, | ) |
| vs. | ) Case No. 04-CV-943-KAJ |
| CHRYSLER CORPORATION, MOPAR DIVISION, | ) |
|                Defendant. | ) |

## PROPOSED AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, for good cause shown, it is hereby **AGREED BY THE PARTIES AND ORDERED BY THIS COURT:**

1. **Confidential Information.** Certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties agree that this shall include information relating to the following topics: confidential personnel and/or human resource files and information pertaining to DaimlerChrysler's current and/or former non-party employees; and confidential financial and proprietary information of DaimlerChrysler.

2. **Purpose of Agreement.** The purpose of this Agreement is to prevent the disclosure of matters deemed confidential under the terms of this Agreement to persons or entities other than those involved in the prosecution or defense of this litigation. The Agreement is necessary to protect non-party former and current

employees of DaimlerChrysler from annoyance, embarrassment and potential economic harm. Discovery in this case may seek private information concerning nonparties, and private financial and proprietary information of defendant. The privacy interests of such information substantially outweigh the public's right of access to judicial records.

3. **Designating Documents and Interrogatory Answers as Confidential.** Any party to this action may designate as "Confidential Information" a document or interrogatory answer by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Agreement unless they are stamped or labeled in such fashion except as provided in this Agreement. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents or interrogatory answers relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information. Deposition testimony relating to subjects enumerated in paragraph 1 above may be designated as "Confidential Information" by advising the opposing party or its counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed-upon by the parties, of the pages and lines which the party believes fall under paragraph 1. Alternatively, any party may, on the record, at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Agreement.

**4.    Disclosure of Confidential Information.**  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such information contained herein is limited to:

(a) The parties;

(b) Their counsel, counsel's legal and clerical assistants and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or retained pursuant to provisions of the Court's Scheduling Order;

(e) Any independent document reproduction services or document recording and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties.

(g) Witnesses in order to prepare the witness(es) for his or her deposition and/or testimony to be given at the trial of this case.

Plaintiff and counsel for DaimlerChrysler shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Agreement, and they shall agree to be bound prior to sharing this Confidential Information with them.

5.  **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party questioning the confidentiality of the information may apply for appropriate relief from this Court.

6.  **Binding Effect of This Agreement.**  This Agreement is binding upon the parties, their agents and employees, and all persons to whom disclosures of discovery materials or testimony is made pursuant to the terms of this Agreement.

7.  **Use of Confidential Information.**  Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom.  With the exception of persons qualified to receive Confidential Information under paragraph 4 of this Agreement, no Confidential Information shall be disclosed to any person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose.

8.  **Maintaining Confidentiality.**  The recipient of any Confidential Information provided pursuant to this Agreement shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information and the content of such information, and any notes and memoranda relating thereto, not be disclosed to anyone other than a person qualified to receive such information under paragraph 4 of this Agreement.

9. **Filing Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose Confidential Information by placing it in the public record in this case. If any information which a party designates as "Confidential" is filed with the Court as part of a motion, brief, or related matter (unless otherwise agreed by the parties or ordered by the Court), that Confidential Information shall be filed separately in a sealed envelope containing the following notice: "Confidential – Subject to Agreement to Protect Confidential Information and Documents," together with a cover sheet stapled to the sealed envelope containing the case caption, signature of the plaintiff or attorney for defendant, and a list of the title(s) of the Confidential Information included therein.

10. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence and any Order of the Court, the parties and their counsel, have a right to use Confidential Information in the trial of this case or any hearing related thereto, provided that the proponent of the evidence has indicated on the Court-ordered exhibit list that such proposed exhibits have been designated "Confidential." Any party may move the Court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded such information at trial. Under no circumstances, however, shall the trier of fact be advised that certain information has been designated "Confidential," unless requested or approved by the designating party.

11. **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court

from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**12. Return of Confidential Information.** At the conclusion of this litigation, the parties and their counsel shall, upon written request by the other party, return all documents which fall under the scope of this Agreement, including all copies. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

**13. No Admission.** Nothing in this Agreement shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information produced under this Agreement.

**IT IS SO AGREED AND ORDERED.**

Dated:_____         _____
                                        UNITED STATES DISTRICT JUDGE

Submitted by:                           POTTER ANDERSON & CORROON LLP

By:____/s/ Dino G. Petrocelli____       By:____/s/ Sarah E. DiLuzio_____
   Dino G. Petrocelli                      Jennifer Gimler Brady (Bar I.D. #2874)
   129 Emery Court                         Sarah E. DiLuzio (Bar I.D. #4085)
   Newark, DE 19711                        Hercules Plaza, 6th Floor
                                           1313 North Market Street
*Plaintiff*                                P.O. Box 951
                                           Wilmington, DE 19801
                                           (302) 984-6000
                                           (302) 658-1192
                                           sdiluzio@potteranderson.com

OF COUNSEL:

William C. Martucci, Mo. #28237*
Kristen Aggeler Page, Mo. #50852*
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: 816-474-6550
Fax: 816-421-5547

*Admitted Pro Hac Vice

*Attorneys for DaimlerChrysler Corporation*

Dated: April 13, 2005
PA&C-677889v1