IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DINO G. PETROCELLI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-943-KAJ |
| DAIMLERCHRYSLER CORPORATION, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Before me are a Motion to Amend the Complaint (Docket item ["D.I."] 21), a Motion for Representation by Counsel (D.I. 5), a Motion to Strike *Pro Hac Vice* Legal Representation (D.I. 23), and a Motion to Correct Case Caption (D.I. 26), all brought by Dino Petrocelli ("Petrocelli"), a *pro se* litigant proceeding *in forma pauperis* (D.I. 4). Petrocelli brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination against defendant DaimlerChrysler Corporation[1] ("DaimlerChrysler"). (D.I. 2 at 1.) Jurisdiction is appropriate under 28 U.S.C. § 1331. For the reasons that follow, the Motion to Amend Complaint (D.I 21) and the Motion to Correct Case Caption (D.I. 26) will be granted, and

---

[1] The original complaint named "Chrysler Corporation, Mopar Division" as Petrocelli's former employer and defendant. (D.I. 2 at 1.) According to DaimlerChrysler, "Chrysler Corporation, Mopar Division" is not a legal entity, and DaimlerChrysler Corporation is proceeding as defendant. (D.I. 15 at 1.) Throughout this memorandum, "DaimlerChrysler" will designate the defendant, even where the papers refer to "Chrysler Corporation" or "Mopar Division."

the Motion for Representation by Counsel (D.I. 5) and the Motion to Strike *Pro Hac Vice* Legal Representation (D.I. 23) will be denied.

## II.   BACKGROUND

Petrocelli was employed by DaimlerChrysler Corporation from May 19, 1997 until his discharge on January 12, 2002. (D.I. 2 at 4.) Petrocelli alleges that during his employment, DaimlerChrysler maintained a hostile work environment based on his national origin, and that he was subjected to disparate disciplinary treatment based on his national origin. (*Id.*)

Petrocelli first filed a charge of discrimination against DaimlerCrysler with the State of Delaware Department of Labor in January 2002. (*Id.*) In November 2003, the Department of Labor concluded its investigation and found that there was reasonable cause to believe that a violation of the State Discrimination Act had occurred. (*Id.*)

In May 2004 the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Suit Rights to Petrocelli, informing him that the EEOC had adopted the findings of the local agency in this matter, and advised him of his right to sue DaimlerChrysler under Title VII. (D.I. 2 at 6.) Petrocelli filed his original complaint, using a standard "Complaint Under Title VII" form,[2] within the required time period (D.I. 2), and later supplemented the complaint with a copy of a Notice of Conciliation Failure from the EEOC (D.I. 11). According to this document, the EEOC found reasonable cause to believe that violations of the statute had occurred but was unable to settle with DaimlerChrysler. (*Id.*) Petrocelli filed the Motion to Amend Complaint, with an

---

[2]On this form, information was filled in on blanks or indicated by checkmarks next to applicable statements provided on the form.

amended complaint, providing additional details in support of his claims and request for damages. (D.I. 21.)

Petrocelli also has requested court appointed counsel[3] because he is unable to retain counsel on his own. (D.I. 5 at 1; D.I. 9; D.I 10; D.I. 12). Petrocelli claims that he is unable to obtain representation because he cannot afford attorneys' fees, and attorneys willing to waive fees are too busy to handle his case or have conflicts of interest with either DaimlerChrysler or his former Union. (D.I. 5 at 1; D.I 10; D.I. 12).

### III. DISCUSSION

#### A. Motion to Amend Complaint

Petrocelli has filed a motion requesting leave to amend his complaint. (D.I. 21.) In response to Petrocelli's motion to Amend Complaint (*id.*), DaimlerChrysler requests that the Motion be denied because the motion does not comply with certain formalities, and because the "proposed amended pleading is confusing and will likely present difficulties for the Court in moving forward and for DaimlerChrysler in providing a response." (D.I. 24.)

Leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Furthermore, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

---

[3]The court does not have the authority to appoint counsel for civil litigants, but has been empowered to request legal representation under certain circumstances for an indigent civil litigant. See 28 U.S.C. § 1915(e)(1).

3

Petrocelli's amended complaint merely describes his claims with more specificity than allowed for on a form document, which Petrocelli completed by filling in certain blanks and marking certain boxes. The amended complaint also includes the original complaint. Considering the latitude afforded *pro se* litigants in technical matters, Petrocelli's amended complaint is acceptable, and it is sufficiently clear that the court and DaimlerChrysler will be able to proceed without undue difficulty or confusion. Therefore, Petrocelli's Motion to Amend Complaint will be granted.

B.     Motion for Representation by Counsel

When considering a *pro se* litigant's motion for representation by counsel, a district court should consider: 1) the merit of the case; 2) the plaintiff's ability to present his or her case; 3) the complexity of the legal issues involved; 4) the degree of factual investigation required; 5) the extent and complexity of discovery; 6) the impact on the case of credibility determinations or expert testimony; and 7) the ability of the plaintiff to retain an attorney. See *Tabron v. Grace*, 6 F.3d 147, 155-6 (3d Cir. 1993).

For any case to proceed, the court must determine whether the plaintiff's claim has some arguable merit in fact and law. See *Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 157). Petrocelli's case appears to pass this test, as investigations by the Delaware Department of Labor and the EEOC have concluded that there is sufficient evidence to support "a reasonable cause finding against respondent with regard to a hostile work environment based upon national origin." (D.I. 2 at Ex. 1 and Ex. 2.)

Petrocelli is capable of representing himself, as demonstrated by his papers. He has filed numerous papers with the court that are clear, competent, and reasoned. His

papers reference the Federal Rules of Civil Procedure, statutes, and case materials. The appropriateness of his filings suggest that he has access to legal resources.

While legal complexities may arise in unexpected places, there should be none in this case. Petrocelli's claim of a Title VII violation involves a straightforward assertion of discrimination in his workplace. Furthermore, there is no indication that the assistance of counsel is necessary to conduct factual investigation, as Petrocelli has participated in investigations by local agencies in this matter. (D.I. 2.) He has also demonstrated that he is capable in conducting discovery. (D.I. 43.) Similarly, at this stage Petrocellip has not shown the need for the assistance of counsel to deal with witness examinations addressing witness credibility or expert testimony.

Finally, in consideration of Petrocelli's ability to retain his own attorney, the nature of the suit indicates that Petrocelli has the opportunity to secure his own counsel. Employment discrimination is an area of law in which attorneys frequently represent clients on a contingency fee basis. Despite Petrocelli's unsuccessful attempts to retain counsel so far, he may yet obtain his own counsel, if his claim has sufficient merit. Therefore, after consideration of all the *Tabron* factors, Petrocelli's motion for representation by counsel will be denied.

    C.    <u>Additional Motions</u>

The Motion to Correct Case Caption (D.I. 26) provides the correct name of the defendant and will be granted. The Motion to Strike *Pro Hac Vice* Legal Representation (D.I. 23) will be denied as there is no justification for the motion.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1) The Motion to Amend Complaint (D.I 21) is GRANTED;

2) The Motion to Correct Case Caption (D.I. 26) is GRANTED;

3) The Motion for Representation by Counsel (D.I. 5) is DENIED;

4) The Motion to Strike *Pro Hac Vice* Legal Representation (D.I. 23) is DENIED.

UNITED STATES DISTRICT JUDGE

September 28, 2005
Wilmington, Delaware