## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DINO G. PETROCELLI,                    )
                                       )
         Plaintiff,              )
                                       )
      v.                         )        Civil Action No. 04-943-KAJ
                                       )
DAIMLERCHRYSLER                        )
CORPORATION,                           )
                                       )
        Defendant.              )

## ANSWER OF DAIMLERCHRYSLER CORPORATION
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW DaimlerChrysler Corporation, by and through its undersigned attorneys, and provides the Court with its response to Plaintiff's Amended Complaint.

Plaintiff's Amended Complaint is embedded within a document entitled "Motion to Ammend Complaint (Pursuant to Rule 15.1.)." It includes what *pro se* Plaintiff Dino G. Petrocelli characterizes as a "list of facts." It also contains a "list of damages and relief sought." Plaintiff also attaches a copy of his original complaint and its attachments.

DaimlerChrysler responds specifically below to Plaintiff's "list of facts" and "list of damages and relief sought." DaimlerChrysler also incorporates and sets forth below its original responses to Plaintiff's original complaint, which is attached to his Amended Complaint.

## DAIMLERCHRYSLER CORPORATION'S RESPONSES
## TO PLAINTIFF'S AMENDED COMPLAINT:

### 1.-UNFAIR TREATMENT AND USE OF DISCIPLINARY PROCEDURES
### AS A FORM OF HARASSMENT TOWARDS ME

1.     In response to the allegations of Paragraph "a" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

2.     In response to the allegations of Paragraph "b" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

3.     In response to the allegations of Paragraph "c" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

4.     In response to the allegations of Paragraph "d" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

5.     In response to the allegations of Paragraph "e" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

6.     In response to the allegations of Paragraph "f" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

7.     In response to the allegations of Paragraph "g" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

8.    In response to the allegations of Paragraph "h" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

9.    In response to the allegations of Paragraph "i" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

10.    In response to the allegations of Paragraph "j" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler states that Plaintiff worked as a picker/packer.  DaimlerChrysler denies each and every other allegation contained in Paragraph "j."

11.    In response to the allegations of Paragraph "k" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

12.    In response to the allegations of Paragraph "l" of the first section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

## 2.-DEFAMATION OF CHARACTER AND REPUTATION

13.    In response to the allegations of Paragraph "a" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

14.    In response to the allegations of Paragraph "b" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

15.     In response to the allegations of Paragraph "c" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

16.     In response to the allegations of Paragraph "d" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

17.     In response to the allegations of Paragraph "e" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

18.     In response to the allegations of Paragraph "f" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

19.     In response to the allegations of Paragraph "g" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

20.     In response to the allegations of Paragraph "h" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

21.     In response to the allegations of Paragraph "i" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

22.    In response to the allegations of Paragraph "j" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

23.    In response to the allegations of Paragraph "k" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

24.    In response to the allegations of Paragraph "l" of the second section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

### 3.-DAMAGES AND LOSSES DUE TO DISCRIMINATION

25.    In response to the allegations of Paragraph "a" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

26.    In response to the allegations of Paragraph "b" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that it is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.

27.    In response to the allegations of Paragraph "c" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that it is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.

28.    In response to the allegations of Paragraph "d" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

29. In response to the allegations of Paragraph "e" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

30. In response to the allegations of Paragraph "f" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

31. In response to the allegations of Paragraph "g" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that Plaintiff's seniority ended when his employment with DaimlerChrysler ended. DaimlerChrysler denies each and every other allegation contained in Paragraph "g."

32. In response to the allegations of Paragraph "h" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that Plaintiff no longer received compensation from DaimlerChrysler after his employment ended. DaimlerChrysler denies each and every other allegation contained in Paragraph "h."

33. In response to the allegations of Paragraph "i" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that Plaintiff's medical benefits ended properly after his employment with DaimlerChrysler ended. DaimlerChrysler denies each and every other allegation contained in Paragraph "i."

34. In response to the allegations of Paragraph "j" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

35. In response to the allegations of Paragraph "k" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that Plaintiff's entitlement to

retirement benefits ended when his employment with DaimlerChrysler ended. DaimlerChrysler denies each and every other allegation contained in Paragraph "k."

36.    In response to the allegations of Paragraph "l" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

37.    In response to the allegations of Paragraph "m" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler states that it is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.

38.    In response to the allegations of Paragraph "n" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

39.    In response to the allegations of Paragraph "o" of the third section of Plaintiff's Amended Complaint, DaimlerChrysler denies each and every allegation contained therein.

### 4) RELIEF SOUGHT FOR LOSSES AND DAMAGES

40.    In response to the allegations of Paragraph "a" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking reinstatement. DaimlerChrysler denies each and every other allegation contained in Paragraph "a."

41.    In response to the allegations of Paragraph "b" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking reimbursement of expenses accumulated by job searching and pursuit of the

case. DaimlerChrysler denies each and every other allegation contained in Paragraph "b."

42.    In response to the allegations of Paragraph "c" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking back pay. DaimlerChrysler denies each and every other allegation contained in Paragraph "c."

43.    In response to the allegations of Paragraph "d" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking front pay. DaimlerChrysler denies each and every other allegation contained in Paragraph "d."

44.    In response to the allegations of Paragraph "e" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking reinstatement of benefits. DaimlerChrysler denies each and every other allegation contained in Paragraph "e."

45.    In response to the allegations of Paragraph "f" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking reinstatement of seniority. DaimlerChrysler denies each and every other allegation contained in Paragraph "f."

46.    In response to the allegations of Paragraph "g" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking compensatory damages. DaimlerChrysler denies each and every other allegation contained in Paragraph "g."

47.    In response to the allegations of Paragraph "h" of the fourth section of Plaintiff's Amended Complaint, DaimlerChrysler admits that Plaintiff states he is seeking punitive damages.  DaimlerChrysler denies each and every other allegation contained in Paragraph "h."

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff has failed to state any claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

3.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and estoppel.

5.    DaimlerChrysler's actions with respect to Plaintiff were taken in good faith and for justified business reasons.

6.    DaimlerChrysler's actions with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

7.    Plaintiff has not suffered any damages.

8.    Plaintiff's own actions contributed to any damages he alleges to have suffered.

9.    Plaintiff seeks damages that are not properly recoverable.

10.    To the extent Plaintiff requests punitive damages, such an award would be inappropriate due to the good-faith and reasonable actions undertaken by DaimlerChrysler.

11.    Plaintiff has failed to properly and reasonably mitigate any damages he alleges to have suffered.

12.    DaimlerChrysler never published any statements about Plaintiff that would support a claim for defamation.

13.    DaimlerChrysler's communications and statements regarding Plaintiff were done in connection with Plaintiff's work duties and performance.

14.    DaimlerChrysler's communications and statements about Plaintiff were privileged as necessary to the functioning of its business operations.

15.    DaimlerChrysler reserves the right to assert the after-acquired evidence defense and any other defenses which may appear as discovery proceeds.

16.    DaimlerChrysler reserves the right to amend its Answer, to add additional or other affirmative defenses, to delete or withdraw affirmative defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

## DAIMLERCHRYSLER CORPORATION'S RESPONSES
## TO PLAINTIFF'S ORIGINAL COMPLAINT

1.    In response to the allegations of Paragraph 1 of Plaintiff's Complaint, DaimlerChrysler admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination, admits that Plaintiff alleges jurisdiction exists by virtue of 42 U.S.C. § 2000e-5, and admits that Plaintiff seeks equitable and other relief under 42 U.S.C. § 2000e-5(g). DaimlerChrysler denies each and every other allegation contained in Paragraph 1.

2.      In response to the allegations of Paragraph 2 of Plaintiff's Complaint, DaimlerChrysler is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.

3.      In response to the allegations of Paragraph 3 of Plaintiff's Complaint, DaimlerChrysler admits that it has business offices located at 1000 Chrysler Drive, Auburn Hills, Michigan, 48326-2766.  DaimlerChrysler denies each and every other allegation contained in Paragraph 3.

4.      In response to the allegations of Paragraph 4 of Plaintiff's Complaint, DaimlerChrysler admits that it has a business location at 500 S. College Avenue, Newark, Delaware, 19711.  DaimlerChrysler denies each and every other allegation contained in Paragraph 4.

5.      In response to the allegations of Paragraph 5 of Plaintiff's Complaint, DaimlerChrysler denies each and every allegation contained therein.

6.      In response to the allegations of Paragraph 6 of Plaintiff's Complaint, DaimlerChrysler denies each and every allegation contained therein.

7.      In response to the allegations of Paragraph 7 of Plaintiff's Complaint, DaimlerChrysler is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.  DaimlerChrysler further states that the document referenced in Paragraph 7 speaks for itself. DaimlerChrysler denies each and every other allegation contained in Paragraph 7.

8.      In response to the allegations of Paragraph 8 of Plaintiff's Complaint, DaimlerChrysler is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.  DaimlerChrysler

further states that the document referenced in Paragraph 8 speaks for itself. DaimlerChrysler denies each and every other allegation contained in Paragraph 8.

9.     In response to the allegations of Paragraph 9 of Plaintiff's Complaint, DaimlerChrysler is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them. DaimlerChrysler further states that the document referenced in Paragraph 9 speaks for itself. DaimlerChrysler denies each and every other allegation contained in Paragraph 9.

10.     In response to the allegations of Paragraph 10 of Plaintiff's Complaint, DaimlerChrysler denies each and every allegation contained therein.

11.     In response to the allegations of Paragraph 11 of Plaintiff's Complaint, DaimlerChrysler denies each and every allegation contained therein.

12.     In response to the allegations of Paragraph 12 of Plaintiff's Complaint, DaimlerChrysler is without sufficient knowledge or information to admit or deny the allegations contained therein and, therefore, denies them.

13.     In response to the allegations of Paragraph 13 of Plaintiff's Complaint, DaimlerChrysler denies each and every allegation contained therein.

14.     In response to the allegations of Paragraph 14 of Plaintiff's Complaint, DaimlerChrysler denies each and every allegation contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff has failed to state any claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

- 12 -

3.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and estoppel.

5.    DaimlerChrysler's actions with respect to Plaintiff were taken in good faith and for justified business reasons.

6.    DaimlerChrysler's actions with respect to Plaintiff were taken for legitimate, non-discriminatory reasons.

7.    Plaintiff has not suffered any damages.

8.    Plaintiff's own actions contributed to any damages he alleges to have suffered.

9.    To the extent Plaintiff requests punitive damages, such an award would be inappropriate due to the good-faith and reasonable actions undertaken by DaimlerChrysler.

10.    Plaintiff has failed to properly and reasonably mitigate any damages he alleges to have suffered.

11.    DaimlerChrysler reserves the right to assert the after-acquired evidence defense and any other defenses which may appear as discovery proceeds.

12.    DaimlerChrysler reserves the right to amend its Answer, to add additional or other affirmative defenses, to delete or withdraw affirmative defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

WHEREFORE, DaimlerChrysler Corporation prays that the Court dismiss Plaintiff's Amended Complaint with prejudice, enter judgment in favor of DaimlerChrysler, award DaimlerChrysler its costs and attorney's fees incurred and expended, and for any other relief that the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By _____
    Jennifer Gimler Brady (Del. 2874)
    Sarah E. DiLuzio (Del. 4085)
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000

*Attorneys for DaimlerChrysler Corporation*

OF COUNSEL:

William C. Martucci (Mo. 28237*)
Kristen Aggeler Page (Mo. 50852*)
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
(816) 474-6550 – Telephone
(816) 421-5547 – Facsimile

* Admitted *Pro Hac Vice*

Dated:  October 12, 2005
PA&C-703075v1

## CERTIFICATE OF SERVICE

I, Jennifer Gimler Brady, hereby certify this 12th day of October, 2005,

that the foregoing **ANSWER OF DAIMLERCHRYSLER CORPORATION TO**

**PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with U.S. District

Court District of Delaware via CM/ECF (Official Court Electronic Document Filing

System) and two (2) true and correct copies were mailed via **FIRST CLASS U.S.**

**MAIL, POSTAGE PREPAID** on the following:


Dino G. Petrocelli, *pro se*
129 Emery Court
Newark, DE 19711



Jennifer Gimler Brady (No. 2874)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
(302) 984-6042 (Telephone)
(302) 658-1192 (Facsimile)
jbrady@potteranderson.com (Email)