# A161 – A183

EEOC Form 161-A (10/96)

U.S. E~ ~ EMPLOYMENT OPPORTUNITY COMM~ ~ON

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Dino G. Petrocelli
129 Emery Court
Newark, DE 19711

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[    ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2002-00186 | Legal Unit | (215) 440-2828 |

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

_____
Marie M. Tomasso, District Director

_____
*(Date Mailed)*   January 6, 2005

cc:  Mopar Parts Depot
     Glenda Gibbs, EEO Compliance Consultant  (For Respondent)

**EEOC 000007**

**A161**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 170 A 301111 |

_____ and EEOC

*State or local Agency, if any*

| NAME(Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Dino G. Petrocelli | (302) 420-9755 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 23 Whiteheaven Drive | New Castle    DE 19720 | 05-09-1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Mopar Parts Depot (Chrysler) | 201-500 | (302)-453-5635 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1 Mopar Drive | Newark, DE 19711 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Mr. Willie Borders, Director Human Resources | (302) 369-6336 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | , | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE EARLIEST LATEST

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  I was hired by Respondent on May 19, 1997 as a picker/packer. During the period of January 2000 until January 11, 2002, I was subjected to a hostile work environment by management and co-workers who made racial remarks towards my national origin (Mexican). On January 11, 2002, I was suspended. On January 17, 2002, I received a letter from Respondent indicating I was discharged. On January 22, 2002, I dual filed with the Delaware Department of Labor and the U.S. EEOC for national origin discrimination. While the investigation of these charges of national discrimination was going on, Ms. Dawn Reese, Human Resources specialist, sent me a letter on May 24, 2002 stating that Respondent wanted to rehire me back immediately by May 28, 2002.

II.  I believe that I was retaliated for filing charges of discrimination in violation of Title VII of 1964 as amended because Respondent while giving the appearance that they were negotiating with me on good faith to solve the charges of national discrimination by offering me the relief of rehiring me back, they were well aware that I was incarcerated until June 11, 2002 when I was eligible to work.

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |
| I declare under penalty of perjury that the foregoing is true and correct | SIGNATURE OF COMPLAINANT                            **A162** |
| Date  4/3/03                  Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

EEOC FORM 5 (REV. 3/01)

**CONFIDENTIAL**

D 000422

EEOC Form 291 (10/96)

FEOC Form 161 (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Dino G. Petrocelli
23 Whiteheaven Drive
New Castle, DE 19720

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S Fifth Street, Suite 400
Philadelphia, PA  19106-2515

**LISA J. WICKER**

SEP 1 5 2003

[ ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170A301111 | Louis A. Marino | (215) 440-2648 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ x ]    We cannot investigate your charge because it was not filed within the time limit required by law

[ ]    Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]    While reasonable efforts were made to locate you, we were not able to do so.

[ ]    You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ ]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso, District Director

*September 10, 2003*

*(Date Mailed)*

Enclosure(s)

Information Sheet

cc:    , Esq.  Charging Party's Attorney

   , Esq   Respondent's Attorney

**CONFIDENTIAL**

D 000419

**A163**

(Del Rev. 12/93)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DINO G. PETROCELLI
_____

(Name of Plaintiff or Plaintiffs)

v.

CIVIL ACTION No. _0 4 - 9 4 3 -_____

CHRYSLER CORPORATION
MOPAR DIVISION
_____
(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1.    This action is brought pursuant to _Title VII of the Civil Rights Act of 1964_, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff resides at _129 EMERY CT._
                              (Street Address)
_NEWARK_          _____        _DE_        _19711_
(City)          (County)      (State)     (Zip Code)
_(302) 894-1496_
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at _1000 CHRYSLER DR._
                                                          (Street Address)
_AUBURN HILLS_          _MI_        _48326-2766_
(City)          (County)   (State)     (Zip Code)

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's _MOPAR PARTS DIVISION_        place of business
                                                (Defendant's Name)
located at _500 S. COLLEGE AVE._
            (Street Address)
_NEWARK_          _DE_        _19711_
(City)          (County)   (State)     (Zip Code)

A164

5.      The alleged discriminatory acts occurred on _____ *11* , _JANUARY_ , _2002_
              *LEAD UP TO*          (Day)        (Month)        (Year)

6.      The alleged discriminatory practice    ☑ *is*    ⭘ *is not* continuing.

7.      Plaintiff filed charges with the Department of Labor of the State of Delaware.

_LABOR LAW RELATIONS_/_DIVISION OF INDUSTRIAL AFFAIRS_    _WILMINGTON_
(Agency)      (Street Address)          (City)

_____ _DE_     _19802_ _____ , regarding
(County)      (State)         (Zip Code)

defendant's alleged discriminatory conduct on _____ *11* , _JANUARY_ _2002_
            *LEAD UP TO*        (Day)      (Month)      (Year)

8.      Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: _____ *17* , _JANUARY_ _2002_
                                                  (Day)     (Month)     (Year)

9.      The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: _____ *18* , _MAY_ , _2004_
                                          (Day)     (Month)     (Year)

### *(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.      The alleged discriminatory acts, in this suit, concern:

     A.    ⭘   Failure to employ plaintiff.

     B.    ☑   Termination of plaintiff's employment.

     C    ⭘   Failure to promote plaintiff.

     D.    ☑   Other acts (please specify below)

*A VIOLATION OF TITLE 19 ,DELAWARE CODE, CHAPTER 7, SUBCHAPTER II, AS AMENDED.*

_HOSTILE WORK ENVIRONMENT CAUSED BY HARASSMENT, NAME_

_CALLING, PERSONAL ATTACKS ON NATIONAL ORIGIN, DEROGATORY REMARKS_

_AND MISUSE/ABUSE OF company Disciplinary policy._

_____

_____

**A165**

11.    Defendant's conduct is discriminatory with respect to the following:

    A.   **O**  Plaintiff's race

    B.   **O**  Plaintiff's color

    C.   **O**  Plaintiff's sex

    D.   **O**  Plaintiff's religion

    E.   **O**  Plaintiff's national origin

12.    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.    If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended

14.    Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, Plaintiff prays as follows: (Check appropriate letter(s))

    A.   **O**  That all fees, cost or security attendant to this litigation be hereby waived.

    B   **O**  That the Court appoint legal counsel.

    C   **O**  That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____8/16/04_____

_____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

## NOTICE OF REASONABLE CAUSE FINDING

RE: Petrocelli v. Mopar Parts Depot (Chrysler)                State Case No.: 0201155

On January 22, 2002, Mr. Dino G. Petrocelli filed a charge of discrimination against Mopar Parts Depot (Chrysler). The Charge of Discrimination is hereby incorporated by reference.

Reasonable Cause Finding:

On November 26, 2003, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.      Undisputed Facts:
1. Charging Party was employed by Respondent from May 19, 1997 until January 12, 2002.
2. After his discharge, Respondent offered to reinstate Charging Party on May 30, 2002, however, due to unavailability, Charging Party was unable to report for work as instructed and Respondent rescinded its offer of re-employment as of June 6, 2002.

II.     Disputed Facts:
1. Respondent denies that it received any complaints from Charging Party regarding a hostile work environment based upon his national origin (Hispanic).
2. Charging Party contends that he was subjected to disparate treatment in regard to discipline which eventually led to his discharge.

III.    Resolution of Material Facts in Dispute:
1. The evidence provided and discovered during the investigation does not demonstrate that Charging Party was targeted for increased disciplinary actions based upon his national origin. However, the evidence does indicate that, regardless of race or national origin, Respondent is not consistent in its application of its disciplinary policy, which is not in itself a violation of any state of Delaware labor law or any applicable discrimination law.
2. The evidence demonstrates that a hostile work environment based upon national origin did exist and was prevalent enough that Respondent should have been aware of it regardless as to if Charging Party did or did not specifically complain. Given that Charging Party was the only employee of his national origin, there is no other way to conclude that he was the target for the graffiti found on the workplace. Also, based on witness information, it is reasonable to believe that Charging Party was subjected to verbal derogatory remarks about his national origin.

IV.     Resolution:
Although there was not enough evidence to substantiate Charging Party's allegations of disparate treatment based upon national origin with regard to discipline and discharge, there was enough evidence to make a reasonable cause finding against Respondent with regard to a hostile work environment based upon national origin.

A167

01/20/202   13:07    DEP' OF LABOR → 913026557334                        NO.981    P004

Page Two
Petrocelli v. Mopar Parts Depot (Chrysler)
0201155

The administrative process will now proceed to the conciliation phase pursuant to 19 *Del. C.*
Section 712(c).

11/26/03
DATE

TRINA R. D. WHEEDLETON
LABOR LAW ENFORCEMENT OFFICER

11/26/03
DATE

JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR

A168

EEOC Form 161 (3/98)          U.  :QUAL EMPLOYMENT OPPORTUNITY COMI    ION

## DISMISSAL AND NOTICE OF RIGHTS

To: Dino G. Petrocelli
    23 White Heaven Dr.
    New Castle, DE 19720

From:  Philadelphia District Office
    21 South 5th Street
    Suite 400
    Philadelphia, PA 19106

[ ]  *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No |
|---|---|---|
| 17C-2002-00186 | State & Local Unit | (215) 440-2600 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form )*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*

Marie M. Tomasso,
Director

May 18, 2004

*(Date Mailed)*

Enclosure(s)

cc: DAIMLER CHRYSLER CORP.
    ATTN: CHRISTOPHER P. HOOSANG, STAFF ADVISOR
    1000 CHRYSLER DRIVE
    CIMS 485-08-10
    AUBURN HILLS, MI  48326-2766

A169

Dino Petrocelli
129 Emery Ct.
Newark , DE 19711
(302) 894-1496

August 1, 2004

To:   U.S District Court for the District of Delaware
820 King St.
Wilmington , DE 19801

RE:   EEOC case # 17C-2002-001863
Petrocelli  Vs  Mopar Parts Depot

## Statement for Complaint

        On May 17, 1997 I was hired as a permanent full-time employee at the Mopar Division of  Chrysler Corporation. During the period of my employment, I was subjected to negative remarks and diminishing treatment by co-workers and management due to my national origin (Hispanic),. I was called names such as "spic", "mushroom picker", "mud boy", "taco", "burrito", "wet back", "lazy Latino". I also was subjected to derogatory depictions of myself, or my likeness, in public view on corporate property. My seniority with the corporation was ignored regarding developmental training to enhance my job performance and skills. I was verbally confronted for my religious beliefs, and was constantly harassed by management using unfair disciplinary and disreputable actions against my person.

        On several occasions, I complained to Plant Management and Union Officials to no avail. My complaints were ignored and the problems were never corrected.  I endured emotional stress and low self esteem because these hostilities were causing a conflict with my personal and career life. Eventually, I was discharged from Mopar on January 11, 2002. I've been suffering emotional, economical, and financial hardships ever since this treatment has negatively impacted my life.

        I was brought up to have pride in who I am,  what I am, and my beliefs.  I never felt insecure of myself, my origin or my beliefs as I do now.  I can not feel comfortable in stating my background without feeling rejected for better opportunities of employment due to my national origin.

Respectfully submitted,

Dino Petrocelli

**A170**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CLERK U.S. FILED
DISTRICT DISTRICT COURT
DISTRICT OF DELAWARE
2005 FEB 25  PM 3: 29

DINO G. PETROCELLI                    )
                                      )
                    Plaintiff,        )
                                      )
            Vs.                       )   Case No.
                                      ) 04-CV-943-KAJ
                                      )
CHRYSLER CORPORATION, MOPAR           )
DIVISION                              )
                                      )
                    Defendant,        )


**MOTION TO AMMEND COMPLAINT**
**( PURSUANT TO RULE 15.1.)**


I, Dino G. Petrocelli, the Plaintiff in the above mentioned case, submit my request of motion to amend my original complaint, to be granted by the court.  I am presenting this case to the court in a "Pro Se" status at this juncture and feel that a more explanatory outline of events would assist the court in the process at hand. The original complaint was filed with this court on August 16, 2004.  A copy of the original complaint and amendments is attached.

The following list of facts contributed to the hostile work environment that I was subjected to during my employment with Mopar Parts Depot. A list of damages and relief sought are also included:


**A171**

1

## 1.-UNFAIR TREATMENT AND USE OF DISCIPLINARY PROCEDURE AS A FORM OF HARRASSMENT TOWARDS ME.

a) Management representatives did not act in good faith, by not following through agreed upon disciplinary procedures indicated in the UAW Contract Agreement Manual. (Breach of Contract)

b) I was not receiving equal treatment as coworkers of equal stature through disciplinary procedures in reference to same alleged misconduct or even to a greater degree of disregard of conduct in the workplace.

c) My unfair final discharge was a result of retaliation for previously filing a discrimination charge with the EEOC and the Delaware Department of Labor, Office of Labor Law Enforcement Agency.

d) Management representatives committed a "Truth in Hiring" violation when I was forced to sign disciplinary forms in order to be permitted to return to work after disputing suspension for alleged violation of Workplace Code of Conduct. Co-workers and myself were told by management officials on numerous occasions that "no one gets fired from Mopar".

e) I was not allowed to use Personal Absence Allowance Days to prevent me from violating Absence and Lateness Policies that would result in disciplinary actions against me. Prior notice was given to the appropriate authorities as to the reasons for needed time off, permission was constantly rejected by management representatives. The practice of favoritism by management representatives was observed when this treatment was brought up by my co workers and me to the proper authorities.

f) I was not allowed to return to premises to retrieve my personal belongings after unfair final discharge (even after numerous attempts to arrange a date and time to do so in a civilized manner). Requests were left unanswered.

g) A management representative was directed by Plant Manager to "fire" me and another co worker and remove us from premises at any cost, by the end of the shift for no reason at all.

h) Faulty equipment or unavailability of equipment that constantly deterred proper work functions of employees and effected work progress was not corrected by management representatives. Trying to track down or locate equipment to perform job functions was required. Doing so, had resulted in me being reprimanded for poor work effort.

i) Inquiries, by me, to receive progress reports from management representatives were ignored. I had limited ways of improving my work efforts because I did not have anything to compare to.

j) The majority of my employment was as a dock loader and bin consolidator. There was no actual way to measure my work effort at time of discipline that led to unfair discharge.

k) I was disciplined as a result of poor supervision by management representatives. A co worker had been in the lavatory for at least an hour and not at his work station. This in turn, caused a late order to be sent to my station after the route was prepared for loading onto tractor trailer for the purpose of shipping. I was blamed for the delay.

l) I had to prove my ethnicity during initial interview by speaking Spanish.

A172

2

## 2.- DEFAMATION OF CHARACTER AND REPUTATION

a) I was constantly subjected to derogatory remarks and depictions in the workplace in the company of co workers and management representatives. All employees were aware that these actions were going on. All derogatory depictions were in plain view and not removed until some time after my unfair final discharge. Therefore, no corrective action was enforced by management representatives in a timely manner. I made numerous complaints to both management and union representatives.

b) I was subjected to unfair disciplinary actions by management representatives without a thorough investigation of disputed occurrences in good faith.(Burden of Proof)

c) There were no corrective procedures directed by management representatives against adverse actions directed at me or my ethnic origin.

d) I was accused of theft of company property without proper investigation by management representatives in good faith.(Burden of Proof)

e) No corrective actions were enforced by management representatives regarding rumors that were spread about a relationship I had with a Caucasian co worker. ( i.e. untrue allegations of sexual relations with her on Mopar property)

f) No corrective actions were enforced by management representatives against depictions of me and co worker performing sexual acts, posted in plain view of all employees on company property.

g) No corrective action was enforced by management representatives after use of Mopar office equipment by a co worker to make numerous copies of damaging news paper article. The damaging news paper article included my name and was distributed to other co workers and management during a mandatory corporate meeting

h) On a daily basis, management representatives "singled me out" in front of co workers in regards to my 15 minute break being over with. I did not exceed the time given for breaks and felt that I was being unfairly harassed and embarrassed in front of co workers.

i) As a result of treatment by management representatives, co workers isolated me in fear of being associated with me.

j) The false allegations of "infractions of the code of conduct in the workplace" concurred during my employment with Mopar Parts Depot, had resulted in my co workers identifying me as an undesirable employee.

k) No corrective action was enforced by management representatives towards derogatory remarks against my religious background and beliefs that were being made by co workers and management representatives.

l) Contracted Security representatives were manipulated by management representatives into enforcing new security practices to damage my reputation in bad faith.

## 3.- DAMAGES AND LOSSES DUE TO DISCRIMINATION

a) I suffered loss of opportunities to learn operation of heavy equipment and advanced job skills.

b) I developed fear of reporting work related injuries and unsafe work environment to avoid discrimination.

c) I was frustrated by lack of assistance on behalf of DaimlerChrysler Corporation in resolving situations, I still continue to feel frustrated by the DaimlerChrysler Corporation's manner in which they failed to cooperate in fair resolutions in good faith.

A173

3

d) I was penalized with reduced privileges and reduced employment opportunities with DaimlerChrysler Corporation at the time of my employment.

e) I am suffering due to a drastic change in my lifestyle due to unjust treatment leading to my unfair discharge.

f) I am unable to obtain a job with equal amount of pay and benefits that I was earning at Mopar Parts Depot. I feel as if I am on the road to financial ruin due to my inability to find an equal paying job with benefits.

g) I lost my seniority after 5 years of service with DaimlerChrysler.

h) I lost Christmas bonuses, profit-sharing, pay raises, overtime pay, vacation pay, personal absence allowance days, shift differentials and stock investments that were paid out to equal level seniority employees since my unfair final discharge.

i) I lost my medical benefits. I could not continue with counseling, physical therapy or any medical attention I required after unfair final discharge.

j) I suffer from stress, anxiety and depression due to the sudden unfair final discharge and financial difficulties that I was forced to undertake after unfair treatment by management representatives at Mopar Parts Depot.

k) I lost the retirement opportunities that I would have had if I continued to work for DaimlerChrysler Corporation, until I qualified to retire.

l) My self esteem and self outlook depreciated due to the unfair treatment I endured while employed at Mopar Parts Depot. I refrain from stating my ethnicity to any one in fear that it would be held against me.

m) I developed a fear of going to work and being ridiculed by co workers' or managements' adverse actions against me.

n) I had accumulated extensive expenditures while seeking an alternative employment and pursuing this case that I could not afford.

o) I suffered irreversible damage to my reputation due to attacks on my character and alleged work ethics that were associated with me.

## 4)RELIEF SOUGHT FOR LOSSES AND DAMAGES

a) I am seeking reinstatement with DaimlerChrysler Corporation, at another location where there is more diversity and less hostility in the work environment than at the Newark, Delaware location or at least until there is a permanent injunction demanded upon Mopar Parts Depot of Newark Delaware to stop unfair practices.

b) I am seeking reimbursement of all expenses accumulated by job searching and pursuit of this case.

c) I am seeking back pay in the amount I would have earned without interruption of employment.

d) I am seeking front pay in the case of reinstatement failure.

e) I am seeking reinstatement of benefits.

f) I am seeking reinstatement of Seniority.

g) I am seeking compensatory damages.

h) I am seeking punitive damages.

By    _[signature]_

Dino G. Petrocelli

4

Dino G. Petrocelli
129 Emery Court
Newark, DE 19711
(302)891496 or
(302)897-5167 cell

cc:  Jennifer Gimler Brady (Del. I.D. 2874)
     Sarah E. DiLuzio (Del. I.D. 4085)
     Hercules Plaza, Sixth Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE 19899
     *(Attorneys for DaimlerChrysler Corporation)*

Dated:  February 24, 2005

**A175**

5

(Del. Rev. 12/93)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

COVER SHEET 1/18/05

# IN THE UNITED STATES DISTRICT COURT 2004 AUG 16 PM 12: 15
## FOR THE DISTRICT OF DELAWARE

DINO G. PETROCELLI
_____

_____
(Name of Plaintiff or Plaintiffs)

v.

CHRYSLER CORPORATION
MOPAR DIVISION
_____
(Name of Defendant or Defendants)

CIVIL ACTION No. _____

0 4 - 9 4 3 -
(KAJ)

## _COMPLAINT UNDER TITLE VII_

## _OF THE CIVIL RIGHTS ACT OF 1964_

1.   This action is brought pursuant to _Title VII of the Civil Rights Act of 1964_, as amended, for employment discrimination. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.   Plaintiff resides at _129 EMERY CT._
                              (Street Address)
_NEWARK_ _____ _DE_ _19711_
(City)    (County)   (State)   (Zip Code)
_(302) 894-1496_
(Area Code) (Phone Number)

3.   Defendant resides at, or its business is located at _1000 CHRYSLER DR._
                                                         (Street Address)
_AUBURN HILLS_ _____ _MI_ _48336-2766_
(City)         (County)   (State)   (Zip Code)

4.   The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's _MOPAR PARTS DIVISION_ _____ place of business
                                        (Defendant's Name)
located at _500 S. COLLEGE AVE._
           (Street Address)
_NEWARK_ _____ _DE_ _19711_
(City)    (County)   (State)   (Zip Code)

A176

5.  The alleged discriminatory acts occurred on ___*11*___, ___*JANUARY*___, ___*2002*___
    *✱LEAD UP TO*                                (Day)        (Month)        (Year)

6.  The alleged discriminatory practice  ⭘ *is*   ⭘ is not  continuing.

7.  Plaintiff filed charges with the Department of Labor of the State of Delaware,
*LABOR LAW RELATIONS/DIVISION OF INDUSTRIAL AFFAIRS*    *WILMINGTON*
    (Agency)        (Street Address)        (City)
___*DE*___    ·    ___*19802*___                                      , regarding
    (County)        (State)        (Zip Code)
defendant's alleged discriminatory conduct on ___*11*___, ___*JANUARY*___, ___*2002*___
    *✱LEAD UP TO*                                (Day)        (Month)        (Year)

8.  Plaintiff filed charges with the Equal Employment opportunity Commission of the United States
regarding defendant's alleged discriminatory conduct on: ___*17*___, ___*JANUARY*___, ___*2002*___
                                                        (Day)        (Month)        (Year)

9.  The Equal Employment Opportunity Commission issued the attached <u>Notice-of-Right-to-Sue</u> letter
which was received by plaintiff on: ___*18*___, ___*MAY*___, ___*2004*___.
                                    (Day)        (Month)        (Year)

*(NOTE:  ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.  The alleged discriminatory acts, in this suit, concern:
    A.    ⭘ Failure to employ plaintiff.
    B.    ⭘ Termination of plaintiff's employment.
    C.    ⭘ Failure to promote plaintiff.
    D.    ⭘ Other acts (please specify below)
*✱VIOLATION OF TITLE 19, DELAWARE CODE, CHAPTER 7, SUBCHAPTER II, AS AMENDED.*

*HOSTILE WORK ENVIRONMENT CAUSED BY HARASSMENT, NAME*

*CALLING, PERSONAL ATTACKS ON NATIONAL ORIGIN, DEROGATORY REMARKS*

*AND MISUSE/ABUSE OF COMPANY DISCIPLINARY POLICY.*

**A177**

11.    Defendant's conduct is discriminatory with respect to the following:

    A.    **O**    Plaintiff's race

    B.    **O**    Plaintiff's color

    C.    **O**    Plaintiff's sex

    D.    **O**    Plaintiff's religion

    E.    **☑**    Plaintiff's national origin

12.    A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.    If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.    Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE,* Plaintiff prays as follows: (Check appropriate letter(s))

    A.    ☑    That all fees, cost or security attendant to this litigation be hereby waived.

    B.    ☑    That the Court appoint legal counsel.

    C.    ☑    That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    _8/16/04_

_____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

A178

Dino Petrocelli
129 Emery Ct.
Newark, DE 19711
(302) 894-1496

August 1, 2004

To:    U.S District Court for the District of Delaware
       820 King St.
       Wilmington, DE 19801

RE:    EEOC case # 17C-2002-001863
       Petrocelli  Vs  Mopar Parts Depot

### Statement for Complaint

On May 17, 1997 I was hired as a permanent full-time employee at the Mopar Division of Chrysler Corporation. During the period of my employment, I was subjected to negative remarks and diminishing treatment by co-workers and management due to my national origin (Hispanic),. I was called names such as "spic", "mushroom picker", "mud boy", "taco", "burrito", "wet back", "lazy Latino". I also was subjected to derogatory depictions of myself, or my likeness, in public view on corporate property. My seniority with the corporation was ignored regarding developmental training to enhance my job performance and skills. I was verbally confronted for my religious beliefs, and was constantly harassed by management using unfair disciplinary and disreputable actions against my person.

On several occasions, I complained to Plant Management and Union Officials to no avail. My complaints were ignored and the problems were never corrected. I endured emotional stress and low self esteem because these hostilities were causing a conflict with my personal and career life. Eventually, I was discharged from Mopar on January 11, 2002. I've been suffering emotional, economical, and financial hardships ever since this treatment has negatively impacted my life.

I was brought up to have pride in who I am, what I am, and my beliefs. I never felt insecure of myself, my origin or my beliefs as I do now. I can not feel comfortable in stating my background without feeling rejected for better opportunities of employment due to my national origin.

Respectfully submitted,

Dino Petrocelli

A179



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

## NOTICE OF REASONABLE CAUSE FINDING

RE: Petrocelli v. Mopar Parts Depot (Chrysler)                    State Case No.: 0201155

On January 22, 2002, Mr. Dino G. Petrocelli filed a charge of discrimination against Mopar Parts Depot (Chrysler). The Charge of Discrimination is hereby incorporated by reference.

Reasonable Cause Finding:

On November 26, 2003, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.    Undisputed Facts:
      1. Charging Party was employed by Respondent from May 19, 1997 until January 12, 2002.
      2. After his discharge, Respondent offered to reinstate Charging Party on May 30, 2002, however, due to unavailability, Charging Party was unable to report for work as instructed and Respondent rescinded its offer of re-employment as of June 6, 2002.

II.   Disputed Facts:
      1. Respondent denies that it received any complaints from Charging Party regarding a hostile work environment based upon his national origin (Hispanic).
      2. Charging Party contends that he was subjected to disparate treatment in regard to discipline which eventually led to his discharge.

III.  Resolution of Material Facts in Dispute:
      1. The evidence provided and discovered during the investigation does not demonstrate that Charging Party was targeted for increased disciplinary actions based upon his national origin. However, the evidence does indicate that, regardless of race or national origin, Respondent is not consistent in its application of its disciplinary policy, which is not in itself a violation of any state of Delaware labor law or any applicable discrimination law.
      2. The evidence demonstrates that a hostile work environment based upon national origin did exist and was prevalent enough that Respondent should have been aware of it regardless as to if Charging Party did or did not specifically complain. Given that Charging Party was the only employee of his national origin, there is no other way to conclude that he was the target for the graffiti found on the workplace. Also, based on witness information, it is reasonable to believe that Charging Party was subjected to verbal derogatory remarks about his national origin.

IV.   Resolution:
      Although there was not enough evidence to substantiate Charging Party's allegations of disparate treatment based upon national origin with regard to discipline and discharge, there was enough evidence to make a reasonable cause finding against Respondent with regard to a hostile work environment based upon national origin.

A180



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 440-2658
FAX: (215) 440-2604

**Charge No.: 17C-2002-00186**

Dino G. Petrocelli
23 White Heaven Drive
New Castle, DE 19720

　　　　　　　　Charging Party,

v.

Mopar Parts Depot
1 Mopar Drive
Newark, DE 19711

　　　　　　　　Respondent.

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

Timeliness and all other jurisdictional issues for coverage have been met. Charging Party alleges that he was discriminated against based upon his national origin (Hispanic) when he was discharged from his position in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

Charging Party began his employment as a Picker/Packer on May 19, 1997. Charging Party contends that from January of 2000 until January 11, 2002, he was subjected to a hostile work environment by management and co-workers and Charging Party alleges that derogatory racial remarks, such as "spic," were made towards him. Charging Party contends that, although he complained to management and union officials about this harassment, no action was taken to address his complaint. On January 11, 2002, Charging Party states that he was suspended indefinitely. On January 17, 2002, Charging Party alleges that he was advised that he was being discharged due to loafing and putting forth a poor work effort.

The investigation revealed that Charging Party was discharged due to a history of poor performance and a poor work record. Charging Party grieved his termination and the Local Union demanded that Charging Party be reinstated and that management cease its "constant, unwarranted, harassment and singling out" of Charging Party. The Union indicated that Respondent supervisors had previously

A181

indicated that Charging Party was performing satisfactorily and questioned management's "Mickey Mouse tactics and constant harassment." As a result of Union intervention, Charging Party was offered reinstatement. However, Charging Party was incarcerated at the time of the offer and was unable to resume his position.

The investigation revealed that Respondent does not consistently apply its use of its discipline policy. Respondent provided evidence which showed that other non-Hispanic employees committed performance and attendance infractions similar to Charging Party's and received less disciplinary action.

Respondent claims that Charging Party never complained of discrimination. However, based upon witness testimony, Respondent was aware that a hostile work environment existed. Witnesses indicated that offensive graffiti, including a cartoon likeness of Charging Party with a sombrero and racial epithets, were drawn on the bathroom walls. Witness confirmed that these images were removed by Respondent.

Based on this analysis, I have determined that the evidence obtained during the investigation establishes violations of Title VII based upon national origin when Charging Party was subjected to a hostile work environment, excessive disciplinary action and was ultimately discharged.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the EEOC is not obtained, the Respondent will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

Please review and consider the enclosed proposed Conciliation Agreement, which contains the general parameters of the terms of conciliation. Please review and respond to this proposed Agreement **no later than September 20, 2004.** Please contact Investigator Evangeline Draper Hawthorne at (215) 440-2658 if you should have any questions.

On Behalf of the Commission,

_____                    _____
DATE                                   Marie M. Tomasso
                                       District Director

cc: Jennifer Rebresh Valeck, EEO Consultant, for Respondent

-2-

A182

Defendant is currently identified as "Chrysler Corporation, Mopar Division" and to my understanding, this is not the proper party according to the Defendant's answer to the complaint. Please make corrections or adjustments necessary to deter any more confusion as to who the Defendant is. All past references by the Plaintiff, to the Defendant as "Chrysler Corporation, Mopar Division", shall be identified as referring to DaimlerChrysler Corporation. All references to "management representatives" and "co workers" are to be understood as employees of DaimlerChrysler. I, Dino G. Petrocelli, the Plaintiff in this case, will recognize the Defendant as DaimlerChrysler Corporation from this day forth. I will also refer to Defendant as Mopar Parts Depot when specifying location where alleged incidents had occurred.

By: _____
       Dino G. Petrocelli
       129 Emery Court
       Newark, DE 19711
       (302) 894-1496 or
       (302) 897-5167cell

Cc: Jennifer Gimler Brady(Del.I.D.2874)
     Sarah E. DiLuzio (Del. I.D. 4085)
     Hercules Plaza, Sixth Floor
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE 19899
     (302) 984-6000