IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DINO G. PETROCELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 04-CV-943-KAJ |
| DAIMLERCHRYSLER CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S REPLY IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted by:

POTTER ANDERSON & CORROON LLP
Jennifer Gimler Brady (Bar I.D. #2874)
Sarah E. DiLuzio (Bar I.D. #4085)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192

SHOOK HARDY & BACON LLP
William C. Martucci, Mo. #28237
Kristen Aggeler Page, Mo. #50852
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: 816-474-6550
Fax: 816-421-5547

*Attorneys for DaimlerChrysler Corporation*

Dated: February 27, 2006

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Plaintiff's Answer Fails To Address Any Of The Facts Or Arguments Put Forth By DaimlerChrysler In Its Motion For Summary Judgment | 1 |
| III. | Plaintiff Did Not File His Answer To DaimlerChrysler's Motion For Summary Judgment In Time | 3 |
| IV. | Conclusion | 4 |

## TABLE OF AUTHORITIES

### CASES

*Carter v. Three Unknown Police Officers*, 112 F.R.D. 48, 52 (D. Del. 1986) .................................................................................................................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548 (1986) ........................ 2

*Faretta v. California*, 422 U.S. 806, 835 n.46, 95 S.Ct. 2525 (1975) ....................... 3

*Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) ................................ 2

*Kidd v. MBNA America Bank, N.A.*, 224 F.Supp.2d 807, 810 (D.Del. 2002) ............................................................................................................................ 2

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986) .............................................................................................................. 2

*McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993) ........................ 3

### STATUTES

Fed. R. Civ. P. 1 ........................................................................................................ 2

### RULES

Local Rule 7.1.2(a)(2) ............................................................................................... 3

I.  **INTRODUCTION**

On November 1, 2005, DaimlerChrysler moved for summary judgment on all of plaintiff's claims. (D.I. 56). Seventy-seven days later, on February 17, 2006, plaintiff filed an Answer to DaimlerChrysler's Motion for Summary Judgment after receiving a prompting letter from DaimlerChrysler in early February. (D.I. 60). While entitled "Response," plaintiff's February 17, 2006 pleading fails to respond in any meaningful way to DaimlerChrysler's Motion for Summary Judgment. Additionally, plaintiff's Answer was filed long after the November 15, 2005 due date established by the local rules. Therefore, in support of its Motion for Summary Judgment, DaimlerChrysler will provide only a brief reply to plaintiff's Answer.

II. **PLAINTIFF'S ANSWER FAILS TO ADDRESS ANY OF THE FACTS OR ARGUMENTS PUT FORTH BY DAIMLERCHRYSLER IN ITS MOTION FOR SUMMARY JUDGMENT**

DaimlerChrysler filed its Motion For Summary Judgment on November 1, 2005. (D.I. 56). In its Motion, DaimlerChrysler argued that: (1) plaintiff failed to satisfy the prima facie case of his Title VII and state law discrimination claims and, even if he could satisfy the prima facie case, DaimlerChrysler had legitimate, non-discriminatory reasons for disciplining and discharging plaintiff; (2) plaintiff could not demonstrate that any of the incidents he alleged amounted to "regular and pervasive" discrimination as is required to succeed on a claim of hostile work environment under Title VII; (3) plaintiff's retaliation claim was not timely filed and that, in any case, there was no causal link between the purported protected activity and the purported adverse action; and (4) plaintiff could not prove his defamation claim because the alleged defamatory statements were protected by the employer-employee privilege. (*Id.*).

Plaintiff filed An Answer to DaimlerChrysler's Motion for Summary Judgment on February 17, 2005. (D.I. 60). However, plaintiff's Answer fails to address, in any meaningful way, the facts and arguments put forth by DaimlerChrysler in its Motion. Rather, plaintiff provides one long paragraph alleging that DaimlerChrysler "has continually attempted to stall the process" of this litigation and that "[t]he motion for summary judgment is an attempt by the defendant to deny just treatment in [*sic*] behalf of the plaintiff's case." (*Id.* at 1). Additionally, plaintiff provides the following conclusory statement: "[t]he defendant can not disprove any of the plaintiff's charges." (*Id.*)

Plaintiff's arguments are unfounded and unconvincing. The Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Contrary to plaintiff's allegation, the use of the summary judgment procedure hardly can be considered a tactic used by DaimlerChrysler to "stall" this litigation. Additionally, plaintiff's argument that "defendant can not disprove any of the plaintiff's charges" misstates the law. DaimlerChrysler does not have the burden to "disprove any of the plaintiff's charges;" rather, plaintiff has the burden to prove the elements of each of his claims. *See, e.g., Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). In this case, plaintiff cannot do so.

Ultimately, plaintiff has failed to meet his burden under Federal Rule 56. In its Motion For Summary Judgment, DaimlerChrysler had "the burden of proving that no material issue of fact is in dispute." *Kidd v. MBNA America Bank, N.A.*, 224 F.

Supp.2d 807, 810 (D. Del. 2002). Once DaimlerChrysler met this burden, plaintiff was required to "come forward with specific facts showing that there is a genuine issue for trial." *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986)). In his Answer, plaintiff completely fails to address the facts or arguments contained in DaimlerChrysler's Motion for Summary Judgment with anything other than a freestanding conclusory allegation. Therefore, plaintiff clearly has not met his burden under Rule 56 and the Court should enter summary judgment in favor of DaimlerChrysler and against plaintiff on all of plaintiff's claims.

### III. PLAINTIFF DID NOT FILE HIS ANSWER TO DAIMLERCHRYSLER'S MOTION FOR SUMMARY JUDGMENT IN TIME

DaimlerChrysler filed its Motion For Summary Judgment on November 1, 2005. (D.I 56). Seventy-seven days later, on February 17, 2006, plaintiff filed his Answer. (D.I. 60). The date listed on plaintiff's Answer is November 17, 2006, and the date listed on the Certificate of Service that accompanied the Answer is November 17, 2005. Neither of these dates is correct. Both the docket sheet in this case and the file stamp listed on plaintiff's Answer state the correct date of service and filing: February 17, 2006.

Pursuant to Local Rule 7.1.2(a)(2), a party has 10 days after the filing of a motion in which to file an Answering brief. Because DaimlerChrysler filed its Motion for Summary Judgment on November 1, 2005, Mr. Petrocelli had until November 15, 2005 to file his Answering Brief. After hearing nothing from Mr. Petrocelli by the end of January 2006, DaimlerChrysler contacted Mr. Petrocelli by letter in early February to notify him that if he did not file an Answer by February 17, 2006, DaimlerChrysler would ask the court to enter summary judgment in its favor. Only after

DaimlerChrysler's prompting, and sixty-two days after the Answer was due, Mr. Petrocelli filed his Answer.

While Mr. Petrocelli's status as pro se plaintiff may grant him some latitude with the court, "[t]he right of self-representation is not a license [excusing compliance] with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). The Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Rather, "[t]he *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims." *Carter v. Three Unknown Police Officers,* 112 F.R.D. 48, 52 (D. Del. 1986). DaimlerChrysler respectfully requests that the Court be mindful of plaintiff's responsibilities when considering his failure to provide an Answer until sixty-two days after the scheduled due date.

## IV. CONCLUSION

For the foregoing reasons, Defendant DaimlerChrysler Corporation respectfully requests that this Court grant its Motion for Summary Judgment and dismiss all of plaintiff's claims with prejudice.

                                        Respectfully submitted by:

                                        POTTER ANDERSON & CORROON LLP

                                        By _/s/ Sarah E. DiLuzio_____
                                        Jennifer Gimler Brady (Bar I.D. #2874)
                                        Sarah E. DiLuzio (Bar I.D. #4085)
                                        Hercules Plaza, 6th Floor
                                        1313 North Market Street
                                        Wilmington, DE 19801
                                        Tel: 302-984-6000
                                        Fax: 302-658-1192

                                        and

                                        SHOOK, HARDY & BACON, LLP

                                        William C. Martucci, Mo. #28237
                                        Kristen Aggeler Page, Mo. #50852
                                        2555 Grand Blvd.
                                        Kansas City, Missouri 64108-2613
                                        Tel: 816-474-6550
                                        Fax: 816-421-5547

                                        *Attorneys for DaimlerChrysler Corporation*

Dated: February 27, 2006
721418

- 5 -

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 27th day of February, 2006, that the foregoing **DEFENDANT DAIMLERCHRYSLER CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and one (1) true and correct copy was mailed via **FIRST CLASS U.S. MAIL, POSTAGE PREPAID** on the following:

>Dino G. Petrocelli, *pro se*
>129 Emery Court
>Newark, DE 19711

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192
sdiluzio@potteranderson.com

721418