**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DINO G. PETROCELLI,                          )
                                             )
                          Plaintiff,         )
                                             )
              vs.                            )
                                             )   Case No.  04-CV-943-KAJ
DAIMLERCHRYSLER CORPORATION,                 )
                                             )
                          Defendant.         )
                                             )

## DEFENDANT DAIMLERCHRYSLER CORPORATION'S
## PROPOSED JURY INSTRUCTIONS[1]

       Defendant DaimlerChrysler Corporation hereby submits its proposed jury instructions for the Court's consideration. DaimlerChrysler reserves the opportunity to supplement and amend these instructions and to respond fully to any instructions proposed by Plaintiff that differ in any way from those set forth below.

---

[1] Counsel for Defendant DaimlerChrysler Corporation attempted to confer with *pro se* plaintiff Dino Petrocelli, but was unable to reach him in sufficient time to get his input with respect to these jury instructions. Therefore, although the Court's local rules direct the parties to jointly file their proposed instructions, DaimlerChrysler must submit these proposed instructions as a defense-only filing.

## TABLE OF CONTENTS

1.  DEFENDANT'S PROPOSED INSTRUCTION:  PRELIMINARY INSTRUCTIONS............... 2

2.  DEFENDANT'S PROPOSED INSTRUCTION:  GENERAL INTRODUCTION .................... 10

3.  DEFENDANT'S PROPOSED INSTRUCTION:  PROVINCE OF THE COURT AND JURY.. 11

4.  DEFENDANT'S PROPOSED INSTRUCTION: ALL PERSONS EQUAL BEFORE THE LAW – INDIVIDUALS AND CORPORATIONS........................................................................... 12

5.  DEFENDANT'S PROPOSED INSTRUCTION:  PREPONDERANCE OF THE EVIDENCE.. 13

6.  DEFENDANT'S PROPOSED INSTRUCTION: EVIDENCE DEFINED............................... 14

7.  DEFENDANT'S PROPOSED INSTRUCTION:  STIPULATIONS AT PRETRIAL CONFERENCE ............................................................................................................... 16

8.  DEFENDANT'S PROPOSED INSTRUCTION: CONSIDERATION OF EVIDENCE............ 17

9.  DEFENDANT'S PROPOSED INSTRUCTION: DIRECT AND CIRCUMSTANTIAL EVIDENCE.................................................................................................................... 18

10. DEFENDANT'S PROPOSED INSTRUCTION: USE OF DEPOSITION EXCERPTS............ 19

11. DEFENDANT'S PROPOSED INSTRUCTION: DISCREPANCIES IN TESTIMONY........... 20

12. DEFENDANT'S PROPOSED INSTRUCTION:  TITLE VII—LAW PROHIBITING DISCRIMINATION......................................................................................................... 22

13. DEFENDANT'S PROPOSED INSTRUCTION: ELEMENTS OF DISPARATE TREATMENT CLAIM........................................................................................................................... 23

14. DEFENDANT'S PROPOSED INSTRUCTION:  DISPARATE TREATMENT CLAIM— BURDEN OF PROOF..................................................................................................... 25

15. DEFENDANT'S PROPOSED INSTRUCTION: DISPARATE TREATMENT CLAIM— LEGITIMATE, NONDISCRIMINATORY REASON........................................................... 26

16. DEFENDANT'S PROPOSED INSTRUCTION:  DISPARATE TREATMENT CLAIM— BUSINESS JUDGMENT ................................................................................................ 27

17. DEFENDANT'S PROPOSED INSTRUCTION:  DISPARATE TREATMENT CLAIM— PRETEXT .................................................................................................................... 28

18. DEFENDANT'S PROPOSED INSTRUCTION:  HOSTILE WORK ENVIRONMENT CLAIM—ELEMENTS..................................................................................................... 29

19. DEFENDANT'S PROPOSED INSTRUCTION:  HOSTILE WORK ENVIRONMENT CLAIM—DEFINITION................................................................................................... 30

20.   DEFENDANT'S PROPOSED INSTRUCTION:  HOSTILE WORK ENVIRONMENT
      CLAIM—"REASONABLE PERSON" DEFINED ................................................................. 31

21.   DEFENDANT'S PROPOSED INSTRUCTION: SPOKEN DEFAMATION—CLAIM
      GENERALLY ..................................................................................................................... 32

22.   DEFENDANT'S PROPOSED INSTRUCTION: SPOKEN DEFAMATION—ESSENTIAL
      ELEMENTS ......................................................................................................................... 33

23.   DEFENDANT'S PROPOSED INSTRUCTION:  "SPOKEN DEFAMATION" DEFINED....... 35

24.   DEFENDANT'S PROPOSED INSTRUCTION:  FINDING OF TRUTH ................................ 36

25.   DEFENDANT'S PROPOSED INSTRUCTION:  SPOKEN DEFAMATION IN PRIVILEGED
      SITUATIONS........................................................................................................................ 37

26.   DEFENDANT'S PROPOSED INSTRUCTION:  "MALICE" DEFINED ................................ 38

27.   DEFENDANT'S PROPOSED INSTRUCTION:  "CLEAR AND CONVINCING EVIDENCE"
      DEFINED.............................................................................................................................. 39

28.   DEFENDANT'S PROPOSED INSTRUCTION:  "SPECIAL HARM" DEFINED.................... 40

29.   DEFENDANT'S PROPOSED INSTRUCTION:  EFFECT OF INSTRUCTION AS TO
      DAMAGES ........................................................................................................................... 41

30.   DEFENDANT'S PROPOSED INSTRUCTION:  DAMAGES—DISCRIMINATION AND
      HARASSMENT...................................................................................................................... 42

31.   DEFENDANT'S PROPOSED INSTRUCTION:  DAMAGES—DEFAMATION.................... 43

32.   DEFENDANT'S PROPOSED INSTRUCTION:  DUTY TO DELIBERATE........................... 44

33.   DEFENDANT'S PROPOSED INSTRUCTION: UNANIMOUS VERDICT............................ 46

34.   DEFENDANT'S PROPOSED INSTRUCTION: ADMONITION REGARDING SYMPATHY 47

35.   DEFENDANT'S PROPOSED INSTRUCTION: COURT HAS NO OPINION........................ 48

1932073v1

**1.    DEFENDANT'S PROPOSED INSTRUCTION:  PRELIMINARY INSTRUCTIONS**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts.  You will have to apply those facts, as you find them, to the law I will provide to you at the close of the evidence.  You must follow my instructions on the law whether you agree with them or not.

Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, you should ignore the question or document in question.  If I overrule an objection and allow the matter into evidence, treat the testimony or document like any other evidence.  If I instruct you that some

- 2 -

item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this does occur during the trial, I will try to clarify the issue for you at that time.

3.      I reemphasize, you should not consider testimony and documents I have excluded and not admitted into evidence.

4.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**<u>Burden of Proof</u>**

This is a civil case. One party is asserting claims against the other party. The party asserting claims has the burden of proof. In a civil case like this we call that burden the preponderance of the evidence. That means the party asserting the claim has to produce evidence which, when considered in the light of all the facts, leads you to believe that what that party claims is more likely true than not. To put it differently, if you were to put the claimant's evidence and the other party's evidence on opposite sides of a scale, the evidence on the

- 3 -

claimant's side would have to make the scales tip somewhat to its side. If the claimant fails to meet that burden, your verdict must be for the other side.

Some of you may have heard the term "proof beyond a reasonable doubt." That is a standard in criminal cases and it does not apply to a civil case. You should, therefore, put it out of your mind in considering whether or not the parties have met their burdens of proof by a preponderance of the evidence in this case.

### Nature of the Case

This case presents an employment dispute between Plaintiff Dino Petrocelli and his former employer, Defendant DaimlerChrysler Corporation. Plaintiff claims that Defendant discriminated against him and harassed him on the basis of his national origin and defamed him. Defendant denies all of Plaintiff's claims.

The Plaintiff in this case, Dino Petrocelli, has chosen to represent himself, without the benefit of a lawyer, in presenting his claims. You may not accord him any greater respect or deference because he is representing himself. You may also not allow any sympathy you may feel for him to influence your evaluation of his claims. You must listen to the evidence as it is presented by both parties and apply it to the law as I give it to you.

Also, throughout these instructions, the representatives of the parties are referred to as "lawyers." Although Plaintiff Dino Petrocelli is not a lawyer, use of the term "lawyer" in these instructions is meant to encompass him in his role as representing himself.

At the end of the case, I will give you instructions on the law that you will apply in determining whether Plaintiff has proven the claims it makes against Defendant.

### Conduct of the Jury

Now, a few words about your conduct as jurors.

- 4 -

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, bring it my attention promptly.  There are important reasons for this, including the need for you to keep an open mind throughout the presentation of evidence.

Second, do not read or listen to anything touching on this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case.  Please don't do any sleuthing on the internet, for example.  You are to decide the case upon the evidence.

Again, do not reach any conclusion as to the claims until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

**<u>Instructions on Taking Notes</u>**

If you wish to, you may take notes during the evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night.  And remember that they are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  However, you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony, keep in mind that

- 5 -

you will be relying on your recollection of the testimony during your deliberations. Here are some other specific points to keep in mind about note taking.

1.      <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2.      <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Over-indulgence in note-taking may be distracting. You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing on his or her credibility. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation itself.

3.      <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a stimulant of your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

4.      <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the jury room. At the conclusion of the case, after you have used your notes

- 6 -

in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

### Some Logistical Information

1.  Temperature – dress in layers. It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building. That is particularly true when the seasons are changing and the temperature outside can be erratic. So bring a sweater or jacket you can wear if the air conditioning is overdone but which you can take off if things get too warm.

2.  Jury Stickers – Please wear the stickers you've been given that identify you as jurors We don't have specialized access for you to the elevators or other common areas in the building. You will be sharing those with the representatives of the parties and others who have business with the Court. Everyone wants to help you maintain the appropriate detachment you much have in order to avoid being influenced by things outside the courtroom. By wearing your stickers, you help the parties and others to preserve that detachment. And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish when you see them in the elevators or elsewhere in the building. Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

3.  Security System and Timeliness – You'll recall that when you came into the building today, you had to go through a security screening system. If you had a cell phone, you had to check that in with one of the Court Security Officers. Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you to be in the jury room before 9:00 a.m. each day of trial so that you can all come in and be seated together in the jury box promptly

- 7 -

at 9:00. I should note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient. Likewise, if I am required to deal with other proceedings, I ask your indulgence. Neither the Court not the parties mean you any disrespect by a delay. On the contrary, your willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

4. Schedule – A few additional words about the daily schedule: as I mentioned, we will being taking testimony each day at 9:00 a.m. We will plan to have a break at mid-morning (at about 10:30), to recess for a one-hour lunch at approximately 12:30, to have a mid-afternoon break (at about 3:00), and to conclude the taking of testimony by 4:30 p.m. sharp. You can plan that you will be able to leave court each day by 4:30.

**Course of the Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the Plaintiff will present his witnesses, and the Defendant may cross-examine them. Then the Defendant will present its witnesses, and Plaintiff may cross-examine them. Both sides may offer documents in evidence.

- 8 -

When all the evidence is in, the attorneys will make their closing arguments to summarize and interpret the evidence for you and I will give you instructions on the law. You will then retire to deliberate on your verdict.

Authority:  Preliminary Instructions for use in Judge Jordan's Courtroom.

2.    <u>**DEFENDANT'S PROPOSED INSTRUCTION:  GENERAL**</u>
<u>**INTRODUCTION**</u>

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.01 (5th ed. 2001).

**3.     DEFENDANT'S PROPOSED INSTRUCTION:  PROVINCE OF THE
COURT AND JURY**

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties.  You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  You are the sole judges of the facts.  It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the Defendant is liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them.  You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  You must accept them despite how you feel about their wisdom.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:  Uniform Jury Instructions in the United States District Court for the District of Delaware.

**4.     DEFENDANT'S PROPOSED INSTRUCTION: ALL PERSONS EQUAL BEFORE THE LAW – INDIVIDUALS AND CORPORATIONS**

The case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.

As you know, Defendant DaimlerChrysler is a corporation.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, large or small, stand equal before the law, and are to be treated as equals in a court of justice.  Therefore, you may not judge a corporation more harshly, or treat a corporation differently, than you would any other single individual.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 103.11 & 103.12 (5th ed. 2001).

**5.    DEFENDANT'S PROPOSED INSTRUCTION:  PREPONDERANCE OF
THE EVIDENCE**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claims by a preponderance of the evidence.  If Plaintiff should fail to establish any essential element of his claims by a preponderance of the evidence, you should find for Defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 104.01 (5th ed. 2001).

**6.**     **DEFENDANT'S PROPOSED INSTRUCTION: EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in Court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations to which the parties agreed, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the Jury must disregard the question entirely and may draw no inference from the wording of it or speculate about what the witness would have said if permitted to answer any question.  During the trial, I may have not let you hear the answers to some of the questions that the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes, I may have ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit

might have shown.  These things are not evidence and you are bound by your oath not to let them influence your decision in any way.

On the other hand, in admitting evidence, I do not pass upon its accuracy, value or weight of the admitted evidence, or the impact that it has upon the issues in this case.  These factors are to be determined solely by you.  Thus, in admitting evidence, I have not rendered any opinion or conclusion regarding those matters, and you should not consider that I have.  Make your decision based only on the evidence, as I have defined it here, and nothing else.


Authority:   Uniform Jury Instructions in the United States District Court for the District of Delaware.

## 7.     DEFENDANT'S PROPOSED INSTRUCTION:  STIPULATIONS AT PRETRIAL CONFERENCE

Before the trial of this case, the court held a conference with the lawyers for the parties.

At this conference, the parties entered into certain stipulations or agreements in which they

agreed that certain facts could be taken as true without further proof during this trial.

The stipulated facts are as follows:

[Insert stipulated facts]

Since the parties have stipulated to these facts and do not dispute them, you are to take

these facts as true for purposes of this case.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 101.47 (5th ed. 2001).

**8.**    **DEFENDANT'S PROPOSED INSTRUCTION: CONSIDERATION OF EVIDENCE**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 104.20 (5th ed. 2001).

### 9.     DEFENDANT'S PROPOSED INSTRUCTION: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness who observed first-hand what occurred and which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence. Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law does not make any distinction between the weight that you should give to either one. Nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authority:   Uniform Jury Instructions in the United States District Court for the District of Delaware.

**10.    DEFENDANT'S PROPOSED INSTRUCTION: USE OF DEPOSITION EXCERPTS**

During the course of the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand many be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you in the same way that you would have done if the witness had been here and testified from the witness stand in the courtroom.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.02 (5th ed. 2001).

## 11.     DEFENDANT'S PROPOSED INSTRUCTION: DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies or by the character of the testimony given, or by the evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by the other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

- 20 -

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 105.01 (5th ed. 2001).

**12.     DEFENDANT'S PROPOSED INSTRUCTION:  TITLE VII—LAW PROHIBITING DISCRIMINATION**

Plaintiff has brought claims against Defendant under Title VII of the Civil Rights Act. Under Title VII, "It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

The Civil Rights Act is not intended as a vehicle for judicial review of employment decisions that are not the result of discrimination.  Although the Civil Rights Act requires that an employer reach employment decisions without discriminating, it does not place an affirmative duty upon an employer to accord special treatment to an employee.  An employer has the right to make business decisions, including selection decisions such as those at issue in the case, for good, bad, or no reason at all, as long as they don't constitute discrimination.  The law does not expose an employer to liability merely because the employer may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised.  It is not your function in this case to second-guess the wisdom of any employment action which affected Plaintiff.  Thus, even if you personally disagree with the actions that were taken or believe that they were harsh or unreasonable, if you find that discrimination was not a determining factor for the actions, then you must return a verdict in Defendant's favor.

Authority:  Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3:105 (2005).

- 22 -

### 13.    DEFENDANT'S PROPOSED INSTRUCTION: ELEMENTS OF DISPARATE TREATMENT CLAIM

Plaintiff claims that Defendant disciplined him because of intentional discrimination based on his national origin in violation of Title VII.  In order for Plaintiff to prevail on this claim he must prove, by a preponderance of the evidence, all of the following:

First, he is a member of a protected class;

Second, he performed his job satisfactorily;

Third, he suffered disciplinary actions that were adverse employment actions; and

Fourth, the disciplinary actions occurred under circumstances giving rise to an inference of discrimination.

If Plaintiff fails to prove these four elements by a preponderance of the evidence, you are instructed not to find for him on his discrimination claim.  If you determine that Plaintiff has proved all of these elements by a preponderance of the evidence, but also find that Defendant has stated a legitimate, non-discriminatory reason or reasons for disciplining Plaintiff, then you must find for Defendant unless you believe that Defendant's reason is only a pretext or excuse for discrimination.  The mere fact that Plaintiff is Hispanic and was disciplined is not sufficient, in and of itself, to establish his claim under the law.

In this context, please bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions were not made because of a factor that the law makes illegal, such as discrimination.  It is not your function to second guess the decision Defendant made in this case, but solely to determine whether, in making that decision, Defendant broke the law by discriminating against Plaintiff on the basis of his national origin.  Thus, even if you personally disagree with the decision to discipline Plaintiff, or think it

- 23 -

harsh or unreasonable, you may not permit that feeling to influence in any way your determination of whether or not Defendant discriminated against Plaintiff.

Authorities:  Adapted from McNamara & Southerland, Federal Employment Jury Instructions, §§ 3:200 & 3:361 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, §§ 171.75 & 171.77.  *See Barber v. CSX Distribution Services*, 68 F.3d 694, 698 (3d Cir. 1995) (quoting *Fowle v. C & C Cola*, 868 F.2d 59, 61 (3d Cir. 1989)); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent.").

- 24 -

### 14.    DEFENDANT'S PROPOSED INSTRUCTION:  DISPARATE TREATMENT CLAIM—BURDEN OF PROOF

In order to prove that Defendant discriminated on the basis of national origin, Plaintiff must prove by a preponderance of the evidence that he suffered an adverse employment action because of his national origin. Plaintiff must prove by a preponderance of the evidence that his national origin was a determinative factor in any employment decision Defendant made which negatively affected Plaintiff's compensation, terms, conditions or privileges of employment.

National origin is a determinative factor if, but for Plaintiff's national origin, Defendant would not have made the decision which negatively impacted Plaintiff's compensation, terms, conditions or privileges of employment.


Authority:  Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3:260 (2005).

- 25 -

## 15.    DEFENDANT'S PROPOSED INSTRUCTION: DISPARATE TREATMENT CLAIM—LEGITIMATE, NONDISCRIMINATORY REASON

If you determine that Plaintiff has satisfied all the elements of his discrimination claim, you must then consider any legitimate, non-discriminatory reasons or explanations stated by Defendant for its decisions.  If you determine that Defendant has stated such a reason or reasons, then you must decide in favor of Defendant, unless Plaintiff proves by a preponderance of the evidence that the Defendant's stated reason was not the true reason but was only a pretext or excuse for Defendant's discriminating against Plaintiff because of his national origin.

Authorities:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.52 (5th ed. 2001).  *See, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) ("[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.").

- 26 -

### 16.    DEFENDANT'S PROPOSED INSTRUCTION:  DISPARATE TREATMENT CLAIM—BUSINESS JUDGMENT

Title VII was not intended to be a vehicle for judicial second-guessing of business decisions; nor was it intended to transform the courts into personnel managers.  An employer is entitled to make its own policy and business judgment, and may therefore, take an adverse employment action against an employee -- even an outstanding employee -- for reasons that the employer considers to be in its best interests.  An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can take an adverse employment action against an employee for any reason that is not discriminatory.  Therefore, you should not find that an adverse employment action decision is unlawful just because you may disagree with Defendant's stated reasons, or because you believe that the decision was harsh or unreasonable.


Authorities:  Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 1:1130 (2005).  *See, e.g.*, *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991) ("Barring discrimination, a company has the right to make business judgments on employee status, particularly when the decision involves subjective factors deemed essential to certain position."); *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) ("[W]e do not sit as a super-personnel department that reexamines an entity's business decisions."); *Fuentes v. Perksie*, 32 F.3d 759, 765 (3d Cir. 1994) ("To discredit the employer's proffered reason [as pretextual], the plaintiffs cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent.").

### 17.     DEFENDANT'S PROPOSED INSTRUCTION:  DISPARATE TREATMENT CLAIM—PRETEXT

Plaintiff claims that Defendant's articulated reasons for why he was disciplined are a pretext for discrimination.  When you consider Plaintiff's evidence of pretext, if any, remember that the relevant question is whether Defendant's reason was not the real reason for Defendant's actions.

Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in a defendant's articulated reason for its actions that a reasonable person could find these reasons unworthy of belief, and hence infer that a defendant did not act for the articulated non-discriminatory or non-retaliatory reasons.

You are not to consider whether Defendant's reason showed poor or erroneous judgment. You are not to consider Defendant's wisdom.  However, you may consider whether Defendant's reasons are merely a cover-up for discrimination or retaliation.

You may consider whether Defendant's reasons are consistent with Defendant's own policies and rules and whether Defendant has applied these policies and rules uniformly.  You should also carefully evaluate any subjective reasons Defendant has asserted for its actions. Plaintiff must prove by a preponderance of the evidence that Defendant took action against him because of his national origin.  If you do not believe Defendant's explanations you may, but are not required to, infer that Defendant's true reasons for its actions were discriminatory or retaliatory.

Authorities:  Adapted from McNamara & Southerland, Federal Employment Jury Instructions, § 3.371 (2005) and O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 170.22 (5th ed. 2001).

- 28 -

18.     **DEFENDANT'S PROPOSED INSTRUCTION:  HOSTILE WORK
ENVIRONMENT CLAIM—ELEMENTS**

Plaintiff also claims that Defendant harassed him in violation of Title VII on the basis of his national origin.  Defendant, the employer, is responsible or liable if Plaintiff proves by a preponderance of the evidence, that:

First, Plaintiff was subjected to intentional discrimination because of Plaintiff's national origin by the intentional, unwelcome, and harassing conduct of Plaintiff's co-workers;

Second, The alleged conduct was severe and pervasive;

Third, The alleged conduct detrimentally affected Plaintiff;

Fourth,  The conduct would have detrimentally affected a reasonable person of the same national origin in Plaintiff's position;

Fifth,   Management level employees knew, or should have known, of the alleged harassment described above; and

Sixth,   Management level employees failed to implement prompt and appropriate corrective action.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.23 (5th ed. 2001).

### 19.    DEFENDANT'S PROPOSED INSTRUCTION:  HOSTILE WORK ENVIRONMENT CLAIM—DEFINITION

To establish a hostile or abusive work environment, Plaintiff must prove by a preponderance of the evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive work environment.  In determining whether a work environment is "hostile" or "abusive," you must look at all the circumstances, including: the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff's work performance.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sporadic or occasional use of abusive language, jokes and occasional teasing does not constitute an abusive or hostile work environment.  Only extreme conduct amounting to a material change in the terms and conditions of employment can violate Title VII.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.40 (5th ed. 2001).

**20.    DEFENDANT'S PROPOSED INSTRUCTION:  HOSTILE WORK
ENVIRONMENT CLAIM—"REASONABLE PERSON" DEFINED**

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person.  This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.  You cannot view the evidence from the perspective of an overly sensitive person.  Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could objectively be classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.45 (5th ed. 2001).

21.    **DEFENDANT'S PROPOSED INSTRUCTION: SPOKEN DEFAMATION—CLAIM GENERALLY**

Plaintiff has also brought a claim seeking damages from Defendant because of alleged spoken defamation in the form of statements about Plaintiff allegedly published by Defendant. Defendant denies that it has defamed Plaintiff.

Authorities:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.01 (5th ed. 2001); *see also Gonzalez v. Avon Products, Inc*., 609 F. Supp. 1555, 1559 (D. Del. 1985) (discussing application of the common interest qualified privilege in the employer-employee relationship); *Federico v. Tambascio*, No. 2000-10-282, 2003 WL 23112288, at *10 (Del. Com. Pl. May 12, 2003)  (discussing cause of action for spoken defamation).

## 22.    DEFENDANT'S PROPOSED INSTRUCTION: SPOKEN DEFAMATION—ESSENTIAL ELEMENTS

To establish Plaintiff's spoken defamation claim, Plaintiff must prove the following essential elements:

First,  Defendant published spoken statements;

Second, The statements constituted spoken defamation as that term is defined for you in these instructions;

Third, The publication was "of and concerning" Plaintiff;

Fourth,  The publication was communicated to third persons;

Fifth,  The publication was false in some material particular;

Sixth,   The statements were published with malice, as that term is explained in these instructions; and

Seventh,  Plaintiff suffered special harm, as that term is explained in these instructions, as a direct consequence of the alleged spoken defamation.

The burden is on Plaintiff to prove the first through fifth and the seventh elements by a preponderance of the evidence.

The burden is stricter with regard to the sixth element—the element of malice.  Plaintiff has the burden of establishing by clear and convincing evidence that the publication  was made with actual malice.

If you find that Plaintiff has established these seven elements by the standards explained here, you should find for Plaintiff.  If you find that Plaintiff has failed to establish any element, or that the alleged statements were privileged as that term is described in these instructions, then you should find for Defendant.

- 33 -

The burden of proof of each element is on Plaintiff.  Defendant is not obliged to call any witnesses or to introduce any evidence.

Authorities:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.03 (5th ed. 2001);  *see also Gonzalez v. Avon Products, Inc*., 609 F. Supp. 1555, 1559 (D. Del. 1985) (discussing application of the common interest qualified privilege in the employer-employee relationship); *Federico v. Tambascio*, No. 2000-10-282, 2003 WL 23112288, at *10 (Del. Com. Pl. May 12, 2003)  (discussing cause of action for spoken defamation).

- 34 -

### 23.    DEFENDANT'S PROPOSED INSTRUCTION: "SPOKEN DEFAMATION" DEFINED

"Spoken defamation" is false and malicious defamation of a person tending to provoke the person to wrath or to expose the person to public hatred, contempt, or ridicule, or to deprive the person of the benefits of public confidence and social dealings.

Authorities:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.10 (5th ed. 2001); *see also Federico v. Tambascio*, No. 2000-10-282, 2003 WL 23112288, at *10 (Del. Com. Pl. May 12, 2003)  (discussing cause of action for spoken defamation).

- 35 -

**24.     <u>DEFENDANT'S PROPOSED INSTRUCTION:  FINDING OF TRUTH</u>**

If you find that the publication in issue was substantially true, then you must find for Defendant.  It is not necessary that the publication be absolutely true or mathematically true; substantial truth is all that is required.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.20 (5th ed. 2001).

## 25.    DEFENDANT'S PROPOSED INSTRUCTION:  SPOKEN DEFAMATION IN PRIVILEGED SITUATIONS

Under our law a person's good reputation is held in high regard, and when it is falsely attacked the law gives a person the opportunity to bring a defamation action to recover damages. When the Plaintiff is an employee of a company, and the alleged spoken defamation relates to the Plaintiff's conduct in his employment, then the Plaintiff must bear an additional requirement and must establish by clear and convincing evidence that the alleged spoken defamation was published with malice.


Authorities:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.21 (5th ed. 2001); *see also Gonzalez v. Avon Products, Inc*., 609 F. Supp. 1555, 1559 (D. Del. 1985) (discussing application of the common interest qualified privilege in the employer-employee relationship); *Federico v. Tambascio*, No. 2000-10-282, 2003 WL 23112288, at *10 (Del. Com. Pl. May 12, 2003)  (discussing cause of action for spoken defamation).

26.    **DEFENDANT'S PROPOSED INSTRUCTION: "MALICE" DEFINED**

A publication is made with "malice" as that term is used in these instructions, if it is made with knowledge that it is false, with desire to cause harm, or in bad faith.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.11 (5th ed. 2001); *see also Gonzalez v. Avon Products, Inc*., 609 F. Supp. 1555, 1559 (D. Del. 1985) (discussing application of the common interest qualified privilege in the employer-employee relationship).

### 27.  **DEFENDANT'S PROPOSED INSTRUCTION:  "CLEAR AND CONVINCING EVIDENCE" DEFINED**

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 104.02 (5th ed. 2001).

- 39 -

### 28.    DEFENDANT'S PROPOSED INSTRUCTION: "SPECIAL HARM" DEFINED

The Plaintiff has suffered "special harm" where he has proven that he has suffered harm of a material and financial nature from someone other than the Company as a result of the alleged spoken defamation.  Loss of reputation is not sufficient unless it resulted in actual harm.

Authority:  *Federico v. Tambascio*, No. 2000-10-282, 2003 WL 23112288, at *10 (Del. Com. Pl. May 12, 2003)  (discussing cause of action for spoken defamation and the requirement that the plaintiff prove special harm where the oral statements are not actionable per se).

### 29.     DEFENDANT'S PROPOSED INSTRUCTION:  EFFECT OF INSTRUCTION AS TO DAMAGES

Upon your consideration of the claims in this case, under the instructions I have given you, if you reach the conclusion Plaintiff has proved by a preponderance of the evidence that he was intentionally discriminated against on the basis of his national origin, that he suffered in a hostile work environment on the basis of his national origin, or that he suffered spoken defamation, then and only then should you give consideration to the question of damages and determine the amount of money, if any, to be awarded to Plaintiff.  You are instructed that Plaintiff is not entitled to recover any damages merely because he was disciplined or because statements were made about him, and no liability on the part of Defendant may be inferred simply because this suit was brought.

Additionally, the fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  I am instructing you on damages so that you will have guidance only if you find in favor of Plaintiff by a preponderance of the evidence.  If you find that Plaintiff has not prevailed on one or more of his claims by a preponderance of the evidence, you should not consider the issue of damages for those claims.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2001).

1932073v1

### 30.    DEFENDANT'S PROPOSED INSTRUCTION:  DAMAGES— DISCRIMINATION AND HARASSMENT

If you find Defendant discriminated against or harassed Plaintiff based on Plaintiff's national origin, then you must determine an amount that is fair compensation for Plaintiff's damages.  You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering, or mental anguish that Plaintiff experienced as a consequence of Defendant's alleged discrimination or harassment.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that the Plaintiff prove the amount of Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 171.90 (5th ed. 2001).

### 31.    DEFENDANT'S PROPOSED INSTRUCTION:  DAMAGES— DEFAMATION

If you find that Plaintiff has established the essential elements of Plaintiff's spoken defamation claim as explained in these instructions, Plaintiff is entitled to compensatory damages.  You will then award Plaintiff such amount as you find will fairly and adequately compensate Plaintiff for losses suffered.  Only damages that are the direct and natural result of the alleged defamation may be recovered as compensatory damages.

Authority:  Adapted from O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 124.11 (5th ed. 2001).

## 32.    DEFENDANT'S PROPOSED INSTRUCTION:  DUTY TO DELIBERATE

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take the form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 103.50 (5th ed. 2001).

## 33.    <u>DEFENDANT'S PROPOSED INSTRUCTION: UNANIMOUS VERDICT</u>

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are triers of the facts.  Your sole interest is to seek the truth from the evidence in the case.

It is proper to add the caution that nothing said in these instructions and nothing in the verdict is meant to suggest or convey in any way or manner any intimation about what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the Jury.

Authority:  O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 106.01 (5th ed. 2001).

- 46 -

## 34.     DEFENDANT'S PROPOSED INSTRUCTION: ADMONITION REGARDING SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a significant risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

1932073v1

### 35. <u>DEFENDANT'S PROPOSED INSTRUCTION: COURT HAS NO OPINION</u>

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Plaintiff has proven his case by a preponderance of the evidence.

Authority:   Uniform Jury Instructions in the United States District Court for the District of Delaware.

## VERDICT

**Claim I—Discrimination**

**Note:** Complete the following paragraph by writing in the name required by your verdict.

On the discriminatory disparate treatment claim of Plaintiff, as submitted in Instruction _____, we find in favor of:

_____

(Plaintiff Dino Petrocelli) or (Defendant DaimlerChrysler)

**Note:** Complete the following paragraph only if the above finding is in favor of Plaintiff. If the above finding is in favor of Defendant, you have completed your deliberations on this claim.

We find plaintiff's compensatory damages through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

**<u>Claim II—Hostile Work Environment</u>**

**Note:**  Complete the following paragraph by writing in the name required by your verdict.


On the hostile work environment claim of Plaintiff, as submitted in Instruction

_____, we find in favor of:


_____

(Plaintiff Dino Petrocelli) or (Defendant DaimlerChrysler)


**Note:**  Complete the following paragraph only if the above finding is in favor of Plaintiff.  If the above finding is in favor of Defendant, you have completed your deliberations on this claim.


We find plaintiff's compensatory damages through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

- 50 -

**Claim III—Defamation**

**Note:** Complete the following paragraph by writing in the name required by your verdict.

On the defamation claim of Plaintiff, as submitted in Instruction _____, we find in favor of:

_____

(Plaintiff Dino Petrocelli) or (Defendant DaimlerChrysler)

**Note:** Complete the following paragraph only if the above finding is in favor of Plaintiff. If the above finding is in favor of Defendant, you have completed your deliberations on this claim.

We find plaintiff's damages through the date of this verdict to be:

$_____ (stating the amount or, if none, write the word "none").

_____

Foreperson

Dated: _____

- 51 -

Respectfully submitted by:

POTTER ANDERSON & CORROON LLP

By  /s/ Sarah E. DiLuzio
Jennifer Gimler Brady (Bar I.D. #2874)
Sarah E. DiLuzio (Bar I.D. #4085)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192

and

SHOOK HARDY & BACON LLP

William C. Martucci, Mo. #28237
Kristen Aggeler Page, Mo. #50852
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: 816-474-6550
Fax: 816-421-5547

*Attorneys for DaimlerChrysler Corporation*

**Dated:  March 31, 2006**