IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DINO G. PETROCELLI, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) Case No. 04-CV-943-KAJ |
| DAIMLERCHRYSLER CORPORATION, | ) ) |
| Defendant. | ) ) |

### DAIMLERCHRYSLER CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST TO USE DOCUMENTS AT TRIAL THAT WERE NOT DISCLOSED DURING DISCOVERY

Defendant DaimlerChrysler Corporation provides this response in opposition to Plaintiff's request to use documents at trial that were not disclosed during discovery. For the reasons set forth below, DaimlerChrysler requests that Plaintiff not be permitted to use documents at trial that were not disclosed during discovery.

### Introduction and Background

The pretrial conference in this case was held on April 5, 2006, which was more than five months after the close of discovery. At the pretrial conference, Plaintiff offered for the first time several previously undisclosed documents as exhibits for use at trial. They were marked P0001-P00021. Prior to when Plaintiff proffered the documents at the pretrial conference, undersigned counsel had not seen any of them. At no point in the development of this case since its filing in 2004 did Plaintiff provide these documents to DaimlerChrysler. This in spite of Plaintiff's obligations under Fed. R. Civ. P. 26(a)(1) and his obligation to respond to DaimlerChrysler's Request for Production of Documents.

## Argument

Plaintiff should not be permitted to use the untimely documents as exhibits at trial because: (1) they were not disclosed prior to the close of discovery and DaimlerChrysler will be prejudiced if they are permitted at trial; and (2) they are objectionable on a number of bases.

### I. The Documents Should Not Be Allowed At Trial Because They Were Not Disclosed During Discovery and DaimlerChrysler Will Be Prejudiced If They Are Allowed.

Discovery in this case closed on October 1, 2005. Plaintiff had an obligation to this Court and to DaimlerChrysler to produce, during the discovery phase, any documents he intended to rely on at trial. Despite this obligation, Plaintiff produced for the first time during the pretrial conference this month a set of documents that he seeks to use as exhibits at trial.

Even now, at this late hour when Plaintiff seeks to use the untimely documents at trial, he does not provide the Court with a reason to excuse his untimeliness. He does not plead ignorance of the rules,[1] nor does he plead an excuse for his failure.[2] He simply asks the Court to allow him to use the documents at trial.

Plaintiff's request to use the untimely documents at trial should be denied, not only because he is too late, but because DaimlerChrysler will be prejudiced if the documents are allowed. DaimlerChrysler did not have an opportunity during the

---

[1] In his letter to the Court, Plaintiff noted his *pro se* status, but did not state that he was unaware of his obligation to disclose documents during the discovery phase.
[2] Plaintiff stated in his letter to the Court that he was not permitted on DaimlerChrysler property following his discharge and that he was never able to obtain anything from his locker there, but he did not explain how that led to his failure to disclose the documents at issue until five months after the close of discovery.

discovery phase to review the documents at issue, ask questions about them, or conduct further discovery in response to them.

Therefore, DaimlerChrysler prays that this Court hold Plaintiff to his obligations under the scheduling order and the rules of procedure. Plaintiff's *pro se* status provides no excuse for his failure to comply with the basic rules of fairness in the litigation process. DaimlerChrysler should not be prejudiced by Plaintiff's disregard of the Court's rules and notions of fairness.

## II. The Documents Should Not Be Allowed At Trial Because They Are Objectionable.

Not only are the documents untimely, they are objectionable. The proffered documents, as described by Plaintiff himself, include "[plaintiff's] renditions of the defamatory and discriminating depictions, the 2001 Delaware Census reports, certificates of program completion that show improvement of self esteem and life management skills, and certificates to prove [plaintiff's] religious and ethnic background." In his letter to the Court, Plaintiff did not make any showing of relevance for the untimely documents. Instead, Plaintiff simply asked the Court to "recognize the[ir] importance."

Each category of documents is objectionable and improper evidence for use at trial. First, Plaintiff's "renditions" of the alleged depictions constitute inadmissible hearsay. Moreover, there is no foundation for them. Second, the Delaware census reports are inadmissible as they are without foundation and have no relevance to Plaintiff's discrimination and harassment claims. Third, the certificates of completion also have no foundation and no relevance to the claims in this case—Plaintiff's efforts to improve himself have no bearing on his discrimination and harassment claims. Finally,

the certificates relating to Plaintiff's religious background are without foundation and irrelevant.

For these substantive reasons, the documents offered by Plaintiff at the pretrial conference are objectionable and should not be permitted at trial. At a minimum, their relevance and admissibility should be determined at trial in the full context of all the evidence.

## Conclusion

Based on the foregoing, DaimlerChrysler respectfully requests that the Court deny Plaintiff permission to use the proffered documents at trial because they are untimely, objectionable, and their use would be prejudicial to DaimlerChrysler.

Respectfully submitted by:

POTTER ANDERSON & CORROON LLP

By  /s/ Sarah E. DiLuzio
Jennifer Gimler Brady (Bar I.D. #2874)
Sarah E. DiLuzio (Bar I.D. #4085)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
Tel: 302-984-6000
Fax: 302-658-1192

and

SHOOK HARDY & BACON LLP

William C. Martucci, Mo. #28237
Kristen Aggeler Page, Mo. #50852
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Tel: 816-474-6550
Fax: 816-421-5547

*Attorneys for DaimlerChrysler Corporation*

Dated: April 24, 2006
729194

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 24th day of April, 2006, that the foregoing **DEFENDANT DAIMLERCHRYSLER CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST TO USE DOCUMENTS AT TRIAL THAT WERE NOT DISCLOSED DURING DISCOVERY** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and one (1) true and correct copy was mailed via **FIRST CLASS U.S. MAIL, POSTAGE PREPAID** on the following:

>   Dino G. Petrocelli, *pro se*
>   129 Emery Court
>   Newark, DE 19711

>   /s/ Sarah E. DiLuzio
>   Sarah E. DiLuzio (#4085)
>   Potter Anderson & Corroon LLP
>   Hercules Plaza, 6th Floor
>   1313 North Market Street
>   Wilmington, DE 19801
>   Tel: 302-984-6000
>   Fax: 302-658-1192
>   sdiluzio@potteranderson.com

729194